Smith *v.* Clark, Appellant.

Argued March 19, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Myron W. Lamproplos,* with him *Cassidy & Lamproplos,* for appellants.

*Dennis C. Harrington,* with him *Paul F. Laughlin,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 26, 1963:

The plaintiff, David A. Smith, at the age of nineteen years, was seriously injured when an automobile he was operating left the roadway of State Highway Route 981, near the Borough of Latrobe, Pennsylvania, in the early morning hours of May 14, 1957. This action for damages followed. The defendants are the owners of separate business places where intoxicating alcoholic beverages are sold to the public. The complaint is based upon the allegation that shortly before the accident, the defendants sold alcoholic beverages to the minor plaintiff, who was visibly intoxicated at the time and that these unlawful acts were the proximate cause of the accident. The jury returned substantial verdicts in favor of the plaintiffs. A new trial was refused and these appeals from the judgments followed.

Certain trial errors require the grant of a new trial.

The Act of 1951, P. L. 90, 146, §493(1), 47 P.S. §4-493, inter alia, makes it unlawful for any licensee to sell or furnish any liquor or malt or brewed beverages to a minor *or* to a visibly intoxicated person. That the serving of intoxicants to minors *or* to visibly intoxicated persons are separate and distinct violations, there can be no doubt. If the intoxicating beverages are sold in violation of this statute, this constitutes negligence, and if the unlawful act or acts are the proximate cause of an injury, the violator is responsible in damages for the loss suffered: *Schelin v. Gold-*

*berg,* 188 Pa. Superior Ct. 341, 146 A. 2d 648 (1958). See also, *Manning v. Yokas,* 389 Pa. 136, 132 A. 2d 198 (1957); *McKinney v. Foster,* 391 Pa. 221, 137 A. 2d 502 (1958). These last cited decisions involved the Act of May 8, 1854, P. L. 663, which has since been repealed.

In the present case, the sale of intoxicants to a young man, then nineteen years of age, was a violation of the Act of 1951, supra. There was also ample evidence to sustain a finding by a jury that the minor was served intoxicating beverages, although he was already visibly intoxicated. If true, this was a second and separate violation of the law. However, for these violations, or either one of them, to render the defendants civilly liable in this case, the violation or violations must necessarily be the proximate cause of the accident involved.

As we read the testimony, the plaintiffs' proof herein established that the cause of the accident was the minor plaintiff's intoxication, or at least that he was under the influence of intoxicants and, therefore, incapable of properly operating the automobile.

Viewing the plaintiffs' case in its most favorable light, this accident happened because the minor plaintiff failed to properly operate the automobile and negotiate a curve in the road *due to his intoxication,* or his being under the influence of intoxicants. It did not occur because he was a minor or because he, as a minor, had been served some intoxicants in violation of the law. His intoxication, or his being under the influence of intoxicants, was an absolute necessary factor in the factual chain. This should have been made crystal clear to the jury.

We have read and reread the charge of the trial court. We are convinced that the issues were not properly clarified for the jury and that confusion undoubtedly resulted to defendants' prejudice.

In the charge, the court emphasized and made numerous references to the plaintiff's minority and the fact that it is a violation of the law to furnish one of this class alcoholic beverages. At one point the court charged: "Now, members of the jury, the first thing that you decide, of course, is whether or not these defendants were negligent, and whether that negligence in serving a minor, or serving liquor while he was under the influence of liquor, was the proximate cause of the accident. *If you believe the testimony that David Smith was perfectly sober when he left, you also must find that he did serve a minor which is contrary to law.*"[1] This, of course, was not clearly stated and from the foregoing, the jury could well have concluded that even if the minor plaintiff were absolutely sober that the defendants would still be liable because they furnished him intoxicants in violation of law. Under the circumstances, this was not correct.

It is true that subsequently the trial judge charged that any negligence established would necessarily have to be the proximate cause of the accident before the plaintiffs could recover, and further that if the intoxicants consumed by the minor plaintiff did not affect his senses sufficiently to cause the accident, that the verdict should be for the defendants. However, a reading of the charge in its entirety, and considering its general effect leads inescapably to the conclusion that the jury was left with the impression and probably misled into believing that the defendants would be liable merely because they served the minor intoxicants. This, undoubtedly, occurred because the issues were so intertwined in the instructions, that a proper understanding of the separate questions for determination was highly improbable. Upon what theory the verdict was based, of course, is beyond our knowledge.

---

[1] Emphasis ours.

It is basic to a fair trial that the issues be clearly defined for a jury's intelligent understanding and that in determining if prejudicial error is present, the entire charge must be considered and its general effect noted: *Thomas v. Mills*, 388 Pa. 353, 130 A. 2d 489 (1957); *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960). In fact, one of the primary duties of a trial judge is to so clarify the issues that the jury may understand the questions to be resolved: *Pleasant v. Carr*, 387 Pa. 634, 130 A. 2d 189 (1957); *Randolph v. Campbell*, 360 Pa. 453, 62 A. 2d 60 (1948); *Commonwealth v. Jordan*, 407 Pa. 575, 181 A. 2d 310 (1962). A trial judge may properly define all pertinent questions of law, but if he fails to clarify the issues and the application of the law to the facts, a fair trial is not present.

It further appears that an investigating police officer witness was permitted to give his opinion as to the cause of the accident and stated that it "was failure *to react*[2] to make a left curve of the highway. . . ." This conclusion was for the jury and not the witness. Opinion evidence, under the circumstances, was totally unnecessary, inadmissible and opened the door to the highly prejudicial response. See, *Graham v. Pennsylvania Co.*, 139 Pa. 149, 21 A. 151 (1891); *Delair v. McAdoo*, 324 Pa. 392, 188 A. 181 (1936); *Gordan v. Robinson*, 210 F. 2d 192 (1954); *Giffin v. Ensign*, 234 F. 2d 307 (1956). The witness's answer was tantamount to saying that the driver's condition caused him *not* to make the curve. Since the police officer did not view the actual occurrence, his opinion was speculative and an invasion of the jury's exclusive prerogative.

Judgments reversed and a new trial ordered.

---

[2] Emphasis supplied.