## Stoltz v. Carroll (No. 2)

*Robert J. Cassidy*, for plaintiff.

*James F. O'Malley* and *Yost & O'Malley*, for defendant.

*Smorto & Creany, and John P. Lantzy*, for additional defendant.

SHETTIG, J., September 27, 1963.—Following the court's opinion and order of September 5, 1963, dismissing plaintiff's motion for a new trial, plaintiff has petitioned the court for reargument on the basis that the court did not consider several appellate court decisions which affect the question of contributory negligence. After argument, the matter is for decision.

The question involved is whether or not the court erred in charging the jury on the question of possible contributory negligence on behalf of the deceased plaintiff, Edward Skebeck. Plaintiff contends that because the deceased plaintiff was a minor and was sold intoxicating beverages in violation of the Act of April 12, 1951, P. L. 90, art. IV, sec. 493, as amended, 47 PS §4-493, he could not be guilty of contributory negligence under the ruling in the Scheline v. Goldberg case, 188 Pa. Superior Ct. 341. Plaintiff takes the position

that the mere violation of the Act of April 12, 1951, P. L. 90, sec. 493 (1), 47 PS §4-493, by a tavern owner excuses a minor plaintiff as well as a visibly intoxicated person from the possibility of contributory negligence if such person is later injured in an accident.

The Scheline case, supra, stands for the proposition that a visibly intoxicated person cannot be guilty of contributory negligence but is silent on the question of minors who are sold intoxicating beverages.

However, the Supreme Court in the case of Smith v. Clark, 411 Pa. 142, specifically sets forth that there are two distinct violations in this act. The first unlawful act is the selling or furnishing of any liquor or malt or brewed beverages to a minor, and the second violation is the selling or furnishing any malt or liquor or brewed beverages to a visibly intoxicated person. There is no question that if a tavern owner sells liquor or beer to a visibly intoxicated person in violation of the statute, which then constitutes negligence, and this negligence is then the proximate cause of an injury to the intoxicated person, the intoxicated person will not be barred from recovering because of contributory negligence. However, the decision in the Smith case very definitely sets out that the mere sale of intoxicating beverages to a minor, while it is a violation of the statute and thus negligence, it is still the duty of the plaintiff to prove that this negligence was the proximate cause of his injury.

Therefore, in the instant case, for plaintiff to be successful, he must place the deceased plaintiff, Edward Skebeck, in the classification of "visibly intoxicated." However, the testimony in this case is in conflict on that point. The only testimony concerning the condition of the driver and the other passengers as a result of having imbibed intoxicating liquors on the night in question was from Edward Carroll, the original defendant, and one of the passengers. There is a

conflict in testimony of these two boys, between the stories told by them to the State policemen the night of the accident and shortly thereafter, again at the inquest, and again before the Grand Jury on an involuntary manslaughter charge, and that story which they told from the witness stand. In the first story, they denied any excessive drinking and denied that this drinking had any effect upon the driving. However, on the witness stand during the trial of this case, they said that defendant's ability to drive was affected by the amount of alcohol he had consumed. In contra-distinction, the police officer testified that shortly after the accident, when he questioned four of the boys, that he did not believe that drinking entered into the picture. Also in contra-distinction is the testimony of defendant Carroll and his passengers that there was nothing in the operation by Carroll before the accident which would indicate that the driver's ability was in any way affected by his drinking. This is bolstered by the testimony of the bartender at the last bar which they left just two blocks before the accident who said, in his opinion, the boys were not intoxicated when they left his establishment.

The testimony was replete with contradictions that had to be resolved by the jury. Some of these contradictions applied to the original defendant's negligence, some applied to the additional defendant's negligence, and some to the contributory negligence of the deceased plaintiff. Where there is a conflict of testimony on whether or not the intoxication of the driver or the manner of the operation of his automobile was the proximate cause of the injuries, the jury could be in doubt and would have the right to bring in a compromise verdict.

For the jury to determine whether or not Edward Skebeck came under the classification of "visibly intoxicated," they would have to speculate from the testi-

mony concerning the amount of liquor and beer which he consumed that night.

In addition, they would have to determine at just what point in the night did he become visibly intoxicated.

Plaintiff, during the trial of this case, was faced with the horns of a dilemma. On the one horn is the fact that if all of the boys had too much to drink, including Skebeck and Carroll, the defendant, then defendant Carroll was also visibly intoxicated and he would then not be guilty of negligence. Since the owners of the two taverns involved were not codefendants with Carroll, but were additional defendants brought into the case by Carroll, once the case against Carroll falls because of no negligence on his part, then the case against the two sets of additional defendants also fails. On the other horn of the dilemma is the fact that if plaintiff belittled or did not prove any excessive drinking and, therefore, any intoxication on behalf of defendant Carroll, or any one else in the car, then he must rely upon proving his case through the negligent operation of the automobile by Carroll. In such a case, then the additional defendants would be excused because the fact that they violated the law in selling to a minor, while it may be negligence, was not the proximate cause.

We believe that the Smith case clearly states that even though there was a violation of the law in the sale of intoxicating liquors to minors, the burden is still on the plaintiff to prove that this sale was the proximate cause of the injury. Either that, or plaintiff must prove that the operation of the automobile by Carroll was the proximate cause. Since there was a conflict in testimony as to which one of these negligences on behalf of either the original defendant or the additional defendants was the proximate cause, we feel that the jury could have been in doubt and would have had the right

to bring in the compromise verdict which they did. As we stated in the opinion of September 5, 1963, we do not believe that the jury intended to put its stamp of approval on the conduct of these boys that night, nor do we believe that it intended to penalize the two brothers and sisters of the deceased who had to bear the expenses.

Accordingly, we do not believe the petition for reargument and the reasons advanced at argument have any merit, and we therefore, enter the following

### Order

And now, September 27, 1963, after argument, the request to reopen the decree of this court dated September 5, 1963, which dismissed plaintiff's motion for a new trial and original defendant's motion for judgment n.o.v., is refused.