McCORD, GUYTE P., Jr., Associate Judge.
Appellant, John Clyde Black, defendant below, was convicted of assault with intent to commit manslaughter and was sentenced to a term of six months to three years. His motion for new trial was denied, and he appeals from the'judgment of conviction.
The information filed against appellant and his co-defendant, Michael Joseph Soli-tro, Jr., initially contained four counts.
At the close of the state’s case, the court below required the prosecuting attorney to elect upon which of the counts he would rely, and Count No. 2 was elected. [We previously upheld Solitro’s conviction of aggravated assault. See Solitro v. State, Fla.App., 165 So.2d 223.] The state considered that said count charged assault with intent to commit murder in the second degree. The Court below apparently assumed such, also, and charged the jury on assault with intent to commit murder in the second degree and all lesser included offenses. It is appellant’s contention that said Count No. 2 did not charge assault with intent to commit murder in the second degree in that it did not allege an intent of appellant to commit murder. Said Count No. 2 is as follows:
“And JAMES M. RUSS, County Solicitor for the County of Orange, prosecuting for the State of Florida in the said County, under oath, information makes that JOHN CLYDE BLÁCK and MICHAEL JOSEPH SOLITRO, JR., of the County of Orange and the State of Florida on the 14th day of July, in the year of our Lord one thousand nine hundred and sixty-two, in the County and State aforesaid, did unlawfully and feloni-ously and by an act imminently dangerous to another and evincing a depraved mind regardless of human life, but without any premeditated design to effect the death of any particular human being, did then and there make an assault on and upon LINDA JOYCE LANGAN, a human being, with deadly weapons, to-wit: automobiles and a gun, and in furtherance of said assault, they did then knd there strike, beat, bruise, wound, and ill-treat the said LINDA JOYCE LANGAN.”
We agree with appellant’s contention. Under § 784.06, Florida Statutes, F.S.A., the statute which makes assault with intent to commit a felony a crime, the intent with which the assault was made is the gravamen of the offense. The aforesaid count is completely devoid of an allegation of intent to kill or of an assault with intent to commit any felony. A charge of assault with intent to commit a homicide must allege with certainty the intent with which the assault was made. See Hogan v. State, 42 Fla. 562, 28 So. 763; and Ruis v. State, 43 Fla. 186, 30 So. 802. In Hogan, the Supreme Court said:
“ * * * The other question argued is that the information does not charge an assault with intent to commit the felony of murder in any degree. We think this contention is sound, and that the verdict rendered is for an offense not charged, or included in the charge made, in the information. It may be that the information sufficiently charg *168 es an assault, or an assault and battery, although it fails to allege that the assault was committed ‘unlawfully’ or ‘without authority of law.’ But we find no allegation that the assault was committed ‘with intent to commit’ any felony, which is the offense denounced by the statute quoted. Construing it in Williams v. State, 41 Fla. 295, 26 So. 184, we said: ‘This section designs to punish assaults committed with intent to commit any felony. The intent is the gist of the offense, and no one can be punished under the statute for an assault unless it be accompanied with the requisite intent.’ The intent being the gist of the offense, must be distinctly alleged with that certainty which is required as to other material allegations. It must not be left to uncertain inference. Nor is a mere statement of such intent, in the conclusion of the information, by way ofi legal deduction or inference from the facts previously alleged, a sufficient allegation as to the intent. * * * ”
The highest crime charged by Count No. 2 is aggravated assault. Appellant’s conviction of assault with intent to commit manslaughter cannot stand, as said conviction is in excess of the crime charged. Hogan v. State, supra.
It should be noted that the record in this cause does not show that the court below had an opportunity to rule on this question. It does not appear in the record that said question was raised, though it may have been argued under appellant’s motion for new trial which assigned no grounds. Although we do not wish to condone such practice, we consider that the question is too serious to regard as having been waived by appellant. Had it not been raised in this appeal, it is of such nature that this Court could consider it here on its own motion. See Lewis v. State, 154 Fla. 825, 19 So.2d 199.
The final judgment and sentence appealed from must be, and it is, reversed for a new trial.
Reversed.
WHITE, Acting C. J., and ANDREWS, J., concur.