Eastern Express, Inc. *v.* Food Haulers, Inc. et al., Appellants.

Argued November 9, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Wallace C. Worth, Jr.,* with him *Dennis M. O'Hara,* for appellants.

*Theodore J. Zeller, Jr.,* with him *Richard F. Stevens,* and *Butz, Hudders & Tallman,* for appellees.

OPINION BY MR. JUSTICE EAGEN, December 20, 1971:

An accident occurred on a public highway involving a tractor trailer owned by Eastern Express, Inc. [Eastern], which was operated by Arthur Ray Shaffer, and another such motor vehicle owned by Food Haulers, Inc. [Haulers], which was operated by Joseph Matthews. Complaining that the negligence of Matthews caused the accident, Eastern sued Haulers and Matthews for property damage to its vehicle. In a separate action, Shaffer sued Haulers and Matthews for personal injuries suffered in the accident. In both actions, Haulers, asserting the accident was caused by the negligence of Shaffer, filed a counterclaim to recover for the property damage to its vehicle. The actions were consolidated for trial and the jury in its verdict awarded Eastern $19,316.75, and Shaffer $1,466.00 against both defendants. The jury also found against Haulers on its counterclaim. Following the denial of their post-trial motions and entry of judgments on the verdict, Haulers and Matthews filed these appeals.[1] A new trial will be ordered.

---

[1] The appeals were filed before the effective date of the new appellate court jurisdiction, Act of July 31, 1970, P. L. 673,

About twenty minutes after the accident, an officer of the Pennsylvania State Police arrived on the scene to investigate the occurrence. This individual (at the date of trial he had resigned from the Pennsylvania State Police) was called as a defense witness at trial. On cross-examination, counsel for the plaintiff-appellees was permitted, over objection, to elicit that the witness had escorted Matthews from the scene of the accident to the office of a justice of the peace and "arrested" him for reckless driving.[2] Another question to the witness in connection with this arrest was as follows: "You had facts, I take it, to charge him with reckless driving?" Answer, "Yes." Permitting this line of questioning was error and of such possible prejudicial effect as to vitiate the trial proceedings. Cf. *Loughner v. Schmelzer*, 421 Pa. 283, 218 A. 2d 768 (1966), and *Hurtt v. Stirone*, 416 Pa. 493, 206 A. 2d 624 (1965).

Section 1211 of The Vehicle Code, the Act of April 29, 1959, P. L. 58, §1211, 75 P.S. §1211, specifically proscribes the use in a civil trial for damages evidence of a plea of guilty or nolo contendere before a magistrate to a violation of the code arising out of the same circumstances. If evidence of a conviction for violation of the code is prohibited, clearly evidence of an arrest for such a violation should not be permitted.

Moreover, allowing the witness to state he had made such an arrest was tantamount to permitting him to offer a conclusion that Matthews was operating the Haulers' vehicle in a negligent manner. This conclusion was for the jury and within its exclusive prerogative. Cf. *Brodie v. Phila. Transportation Co.*, 415 Pa. 296, 203 A. 2d 657 (1964), and *Smith v. Clark*, 411 Pa. 142, 190 A. 2d 441 (1963). Furthermore, the error was

---

17 P.S. §211.101 et seq. (Supp. 1971), and hence, appellate jurisdiction is in this Court.

[2] The record is silent as to the disposition of the arrest.

compounded by permitting the witness to say he "had facts" to justify such an arrest.

Appellees urge that the challenged cross-examination was proper because the witness's action in arresting Matthews was inconsistent with his direct testimony relating facts which indicated that Matthews was not guilty of reckless driving. We are not so persuaded. In his direct examination, the witness merely described what he did and what he found after his arrival on the scene. This testimony was a factual description only and did not "open the door" to the objectional cross-examination that followed.

Appellees also urge that the challenged evidence was harmless error or at least may not now be asserted as error by the defendant-appellants, because following the testimony concerning Matthews' arrest they brought out on redirect examination that Eastern's driver, Shaffer, was "cited" for operating his vehicle "too fast for conditions". This line of questioning should also have been rejected. It was undoubtedly engendered by the objectional cross-examination, previously discussed, and did not dissipate the prejudicial effect of the initial error.

Judgments reversed and new trial ordered.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.