294 So.2d 698 (1974)
Walter Edward ALBERTSON, Appellant,
v.
Frances STARK et al., Appellees.
No. 72-866.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
*699 William H. Roundtree, Cocoa, for appellant.
John G. Rooney of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Cocoa, for appellees.
OWEN, Chief Judge.
Appellant's suit for personal injuries arising out of a motor vehicle collision resulted in a jury verdict and judgment for defendant-appellee. We conclude that appellant should have a new trial.
The collision occurred as a result of appellee making a left turn from the road into a school yard at the precise moment that appellant was overtaking and passing to appellee's left. Needless to say, the issue of liability was contested. During defense counsel's argument to the jury, he made the following statement:
"... also, if my lady had been charged with a driving violation you better believe you would have heard about it in this courtroom; you haven't heard anything about it, she wasn't charged."
Appellant's counsel immediately moved the court to strike such argument and to instruct the jury to disregard the same, which motion was granted. No motion for mistrial was made, but appellant did file timely motion for new trial which was denied.[1]
There is no question but that it was improper for defendant's counsel to state to the jury that the defendant had not been charged with a driving violation. Eggers v. Phillips Hardware Company, Fla. 1956, 88 So.2d 507; Riedel v. Driscoll, Fla.App. 1960, 124 So.2d 42; Walton v. Robert E. Hass Construction Corporation, Fla.App. 1972, 259 So.2d 731. Appellees concede this in their brief. But, so they argue, appellant's motion to strike the argument and to instruct the jury was granted, and since appellant did not seek a mistrial, he got all of the relief he requested. There, indeed, is the rub.
The problem here, as in all such cases, is to decide whether the prejudicial harm of such improper comment can be removed or cured by the judge instructing the jury to disregard the same, or whether the improper remarks fall into the classification which has been described as being "of such character that neither rebuke nor retraction may entirely destroy their sinister influence". See, Carlton, v. Johns, Fla.App. 1967, 194 So.2d 670 and cases therein cited.
Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers. An examination of the cold record in this case discloses rather clear evidence of appellee's negligence and little, if any, evidence of appellant's contributory negligence. This is not to say that such evidence would not sustain the jury's verdict. It does, however, furnish *700 us a valid basis to conclude that under the facts of this particular case the harmful effect of counsel's improper argument was most likely not cured or removed by the court's instruction to the jury to disregard such argument.
Our decision to grant appellant a new trial is fortified, perhaps, by our impression from the record that the improper argument above quoted was not inadvertent, but was a deliberate tactic calculated to put before the jury by argument that which was totally inadmissible in evidence. It is a lawyer's duty to represent a client zealously within the bounds of the law, but lawyers who elect to engage in trial practice would do well to read Judge Donald Carroll's opinion in Bullock v. Branch, Fla.App. 1961, 130 So.2d 74 concerning the lawyer's duty to refrain from injecting into the trial matters which might improperly influence the cold neutrality of the jury. Where any such improper conduct occurs, and the court is satisfied that it was calculated to and did create a prejudicial misapprehension on the part of the jury, the court should not hesitate to set such verdict aside in fulfilling its purpose of securing a fair determination of controversies. Accord, Nicholas v. Rosenthal, 283 App.Div. 9, 126 N.Y.S.2d 34 (1953).
The remaining points raised on appeal do not demonstrate reversible error. The judgment is reversed and this cause remanded with instructions to vacate the verdict and grant appellant a new trial.
Reversed and remanded.
DOWNEY, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
The majority decision predicates its reversal upon a matter that was never presented to or considered by the trial court, i.e., failure or refusal to grant a mistrial. For that very basic reason I must respectfully dissent.
The majority properly recognizes the impropriety of the statements objected to and the potentially prejudicial harm thereof. These recognitions, however, cannot serve as a predicate upon which to serve as a reversal without some affirmative (preserving) action by the complaining counsel in the court below and some erroneous action or inaction by the trial court.
The record clearly reflects that plaintiff's counsel moved to strike the objectionable comments with the request that the jury be instructed to disregard the same, which motion was granted. No motion for mistrial or request for other relief was made.
The majority, however, observes that the harmful effect of the prejudicial statement was not cured by the court's action and admonition. Perhaps the majority is correct  but counsel for the plaintiff was given all the relief he asked for  he did not request a mistrial nor did he argue or inferentially suggest, that that which the trial court did or didn't do was wrong.
Where then is the error  where then is the identifiable judicial act upon which the majority reverses? Is it the action of the court in doing that which it was requested to do  or is it the failure of the court in not doing that which it was not requested to do, i.e., granting a mistrial. One of the firmest principles of appellate procedure is that in order to hold a trial court in error the court must have had an opportunity to rule upon the question presented to the appellate court; a ground not raised in the trial court cannot be considered on appeal nor serve as a basis for reversal. 2 Fla. Jur., Appeals, §§ 66, 290. Of course, an appellate court will always consider fundamental error that is apparent on the face of the record regardless of whether the issue was raised below, raised for the first time on appeal or recognized by the appellate court of its own initiative. See 2 Fla. Jur., supra, sec. 290; Board of Public Instruction v. Fidelity & C. Co. of N.Y., Fla.App. 1966, 184 So.2d 491; Black v. *701 State, Fla.App. 1965, 173 So.2d 166; Sanford v. Rubin, Fla. 1970, 237 So.2d 134; General Portland Land Development Co. v. Stevens, Fla.App. 1974, 291 So.2d 250; Robbins v. Thompson, Fla.App. 1974, 291 So.2d 225.
Although I would in no sense condone the conduct and statements complained of, I cannot categorize or characterize them as being of such magnitude as to fall within the "fundamental error" doctrine so as to obviate the necessity for establishing a proper predicate for appellate review. Unquestionably, we must never lose sight of the "justice of the cause"; however, we should not establish a precedent (or depart from established precedent) where to do so might well affect the justice of "other causes".[1]
For these reasons I would affirm.
NOTES
[1] The record contains the motion for new trial but not an order on such motion. We have indulged in the assumption that an order was entered denying this motion.
[1] Hindsight might have suggested that a motion for mistrial be filed; nevertheless it may have been the strategy of counsel to proceed to submit his case to the jury in the posture in which it stood. The majority opinion would have the coercive effect of requiring the trial court to grant a mistrial ex mero motu where such was not requested because the harmful effect of the improper statement was not likely to be cured by court instruction, notwithstanding that trial counsel may not want a new trial.