## Simpson et al., Appellants, *v.* Robinson et al.

Argued November 21, 1975. Before Watkins, P. J., Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*H. Ray Pope,* with him *Kent S. Pope,* and *Pope and Pope,* for appellants.

*G. Barrett Garbarino,* and *Alexander, Garbarino & Kooman,* submitted a brief for appellees.

OPINION BY JACOBS, J., March 29, 1976:

This appeal presents the narrow issue of whether the trial court erred in admitting into evidence over objection testimony that the defendant driver did not receive a traffic citation after he was involved in an accident in which appellants' minor was injured.[1] We hold that such evidence was inadmissible and grant a new trial.

The present action arose out of an accident in which Michael Lee Simpson, a seven year old boy, was struck while crossing the street by a vehicle operated by Wilson L. Robinson, defendant-appellee. A complaint in trespass was filed and the case proceeded to trial before a jury. During the examination of defendant driver by his own attorney defendant was asked whether he was cited by the chief of police for any traffic violation. Appellants' counsel immediately objected, however, the court below allowed the answer. Defendant responded that he wasn't given a citation. Notes of Testimony at 128. In their post-verdict motions and now on appeal appellants claim that the above testimony was prejudicial and warrants a new trial. We agree.

In Pennsylvania, evidence of a conviction for a traffic violation or a minor misdemeanor is not admissible in a civil suit arising out of the same events. *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966). Moreover, evidence of an acquittal in a criminal case is not admissible and is irrelevant in a civil case on the same facts. *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (1967); *see generally,* Annot., 18 A.L.R. 2d 1287 (1951).

---

1. Due to our resolution of the first issue we will not consider appellants' other two arguments raised in the brief.

Similarly, it has been held that it was prejudicial in a negligence action for the trial court to permit a police officer to testify that he arrested defendant driver for reckless driving. *Eastern Express, Inc. v. Food Haulers, Inc.,* 445 Pa. 432, 285 A.2d 152 (1971). In *Patton v. Franc,* 404 Pa. 306, 172 A.2d 297 (1961), a negligence case similar to the present one, the defendant driver called as a witness the police chief and asked him whether any criminal charges had been brought against the defendant for traffic violations arising from the accident. The trial court allowed the answer over objection but the Supreme Court reversed noting: "There might be a hundred reasons why a chief of police in a small town would not criminally prosecute a certain individual, and this not be evidence of faultlessness on the part of that person. Moreover, the test in this case is not whether Franc [defendant] acted in a criminal manner in running down Alviena Patton [plaintiff] but whether he exercised due care under the circumstances." *Id.* at 312, 172 A.2d at 300. The Supreme Court of Florida has decided the same issue in *Eggers v. Phillips Hardware Company,* 88 So. 2d. 507 (Fla. 1956) where it held that "the trial judge erred in admitting in evidence the testimony of the investigating officers that they did not arrest the defendant's employee for a violation of any of the city's traffic ordinances as a result of their investigation of the accident" *Id.* at 507. *See also Royal Indem. Co. v. Muscato,* 305 So. 2d 228 (Fla. App. 1974) ; *Albertson v. Stark,* 294 So. 2d 698 (Fla. App. 1974). As the Court in *Albertson* so appropriately stated: "Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers." *Id.* at 699.

We conclude that it was error to admit into evidence testimony that defendant did not receive a traffic citation

after the accident. Defendant driver argues that even if error was committed by the court below it was harmless and did not affect the trial. We disagree. The main issue litigated in the court below was the driver's negligence. Each side presented conflicting evidence on that issue and after reviewing the record we can safely say that it was a close case. We are convinced that the inadmissible testimony that defendant driver did not receive a traffic citation for his conduct may well have served to tip the balance in the minds of the jurors in favor of the defendant. *See Eastern Express, Inc. v. Food Haulers, Inc.*, supra; *Eggers v. Phillips Hardware Co.*, supra.

Reversed and a new trial is ordered.