369 A.2d 765

Samuel SHEPARD and Mary Simmons Cunningham,
Appellants,

v.

MARTIN CENTURY FARMS.

Superior Court of Pennsylvania.

Argued June 18, 1976.

Decided Feb. 18, 1977.

Benedict A. Casey, Philadelphia, for appellants.

Linda W. Cannon, Philadelphia, with her Timothy J. Mahoney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

At 3:30 a. m. on Febraury 20, 1964, plaintiff-appellant Samuel Shepard was operating his automobile in one of the two eastbound lanes of Girard Avenue in Philadelphia. Plaintiff-appellant Mary Simmons Cunningham was a passenger in his car. At the same time, Aldo Romagnoli was piloting defendant-appellee Martin Century Farms' milk truck on Girard Avenue in the same direction. A light snow had fallen, but Girard Avenue, though wet, was clear. When appellant Shepard attempted a left turn north onto Forty-first Street, the left rear of his automobile was struck by the right front of appellee's truck. There is no dispute that the impact occurred in the northeast quadrant of the intersection of Girard Avenue and Forty-first Street, after appellant started the turn.

In the resulting jury trial, which began on January 16, 1975, appellant Shepard testified that he had been travelling in the left eastbound lane of Girard Avenue. After signaling his intention to make a left turn, he stopped for a red traffic signal at the corner of Girard Avenue and Forty-first Street. When the signal changed from red to green, he began to turn, and, while turning, he was struck from behind by appellee's truck. Appellant Shepard testified that he had not seen appellant's truck

until the moment of impact. At trial, appellants' theory of liability was that Mr. Romagnoli had been negligent in following appellant Shepard's car too closely. When Shepard signaled his intention to turn, Romagnoli was unable to stop and skidded into the car.

Mr. Romagnoli testified that he was driving in the left eastbound lane of Girard Avenue and that he came to a stop for a red traffic signal at Forty-second Street. Next to his truck, in the right lane, was an automobile which he subsequently learned was being driven by appellant Shepard. When the light changed to green, both vehicles began to move. The car moved slightly out in front of the truck, and as they travelled toward Forty-first Street, both vehicles held their relative positions. Mr. Romagnoli estimated the speed of each vehicle to be twenty miles per hour. At the intersection of Girard Avenue and Forty-first Street, without warning, the driver of the automobile attempted to make a left turn from the right lane. Mr. Romagnoli turned his steering wheel to the left and slammed on the brakes. However, he was unable to prevent a collision between the truck and the automobile.

The jury rendered a verdict in favor of appellee. On appeal, appellants propose several trial errors which they contend mandate a new trial. We agree with at least one of appellants' contentions and therefore order a new trial.

One of the witnesses called by appellant was Officer William Haines, who had been a member of the Accident Investigation Division of the Philadelphia Police Department. During cross-examination, the following colloquy occurred:

"BY MR. MAHONEY:

Q. As a result of this investigation made by Policeman Gribbin, can you tell us whether as a part of the report Policeman Gribbin made a summary of the re-

sults of his investigation? And, I direct your attention to the next to the last page.

A. Yes, sir.

Q. As a result of his investigation and as a part of that summary, did he find any evidence of any violation on the part of Mr. Romagnoli?

MR. CASEY: If Your Honor please, that is a totally improper question? I object to it.

THE COURT: No. I will overrule your objection. In the posture of this particular question, no citation or violation was issued?

THE WITNESS: There was a summons issued.

THE COURT: As to Mr. Romagnoli?

THE WITNESS: Mr. Romagnoli? No, sir.

THE COURT: Very well.

BY MR. MAHONEY:

Q. Was there a summons issued as to the other driver, Mr. Shepard?

MR. CASEY: The same objection.

THE COURT: That objection is sustained.

MR. MAHONEY: Thank you, Officer.

That is all I have." [64a–65a]

Appellant contends that the above rulings by the lower court allowed the appellee to present to the jury evidence of the fact that appellant had been issued a traffic summons but appellee had not.

Section 1211 of The Vehicle Code, Act of April 29, 1959, P.L. 58, § 1211 (75 P.S. § 1211), provides in pertinent part:

"A plea of guilty or nolo contendere, or payment by any person charged with a violation of this act of the fine and costs prescribed for such violation . . . shall be inadmissible as evidence in every civil proceeding arising out of the same violation or under the same facts or circumstances . . .."

In *Eastern Express, Inc. v. Food Haulers, Inc.*, 445 Pa. 432, 285 A.2d 152 (1971), the Pennsylvania Supreme Court held that in an action for damages arising out of an automobile collision, it was reversible error to admit the testimony of a police officer that he had arrested one of the parties for reckless driving. The court reasoned that "[i]f evidence of a conviction for violation of the code is prohibited, clearly evidence of an arrest for such a violation should not be permitted." 445 Pa. at 434, 285 A.2d at 153.

As an alternative ground for its decision, the court in *Eastern Express, Inc.*, *supra*, noted that "allowing the witness to state that he had made such an arrest was tantamount to permitting him to offer a conclusion that Matthews was operating the Haulers' vehicle in a negligent manner. This conclusion was for the jury and within its exclusive prerogative." 445 Pa. at 434, 285 A.2d at 153.

■ The same rationale applies to a traffic summons. In a civil trial for damages arising from an automobile collision, it is error to permit testimony that a traffic summons was issued to one or both of the drivers.

■ In this case, the court did not permit the police officer to so testify. In fact, the court sustained an objection to the question which would have elicited such testimony. However, the context in which the ruling was made inevitably implied that appellant Shepard had received a summons. By allowing the officer to testify that he had not issued a summons to appellee's driver, but not permitting him to testify whether he had issued one to appellant Shepard, the court left little to challenge the deductive abilities of the jurors.

In addition, the isolated testimony of the officer that he had not issued a summons to appellee's driver was inadmissible. If such testimony is relevant, it is relevant only to prove that, in the officer's opinion, the driver

was not negligent. Such a conclusion is properly left to the jury. Therefore, the lower court's rulings on the evidence were erroneous.

Appellee contends that the admission of this testimony was harmless error because another policeman, Officer Gribbin, later testified to the damages sustained by the vehicles and to his conclusion that the car continued to move forward after impact. Appellee argues that this testimony, independent of Officer Haines' testimony, demonstrated that there had been no reason to issue a summons to Mr. Romagnoli.

This argument is without merit. Officer Gribbin testified only to facts and to conclusions which were within his province to make. Officer Haines, however, invaded the fault-finding domain of the jury. Furthermore, it is not clear that there was no reason to issue a summons to Mr. Romagnoli. It is certainly not clear that the jury would have concluded that there was a reason to issue a summons to appellant Shepard. Therefore, appellants are entitled to a new trial.

Because of the disposition we reach on the above issue, we need not reach the other allegations of error raised by appellant. The order of the lower court is reversed and the case is remanded for a new trial.