421 A.2d 759

**Mary Margaret KELLY (Gerace), a Minor, by Her Parent and Natural Guardian Mary E. Kelly Picaird, and Mary E. Kelly Picaird, in her own right**

v.

**Joseph E. BUCKLEY, Debra A. Cullen (McColgan) and Theresa Cullen and City of Philadelphia.**

**Appeal of Debra A. CULLEN (McColgan) and Theresa Cullen.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Sept. 26, 1980.

354

Richard A. Kraemer, Philadelphia, for appellant.

Joseph W. Fullem, Jr., Philadelphia, for appellees.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the introduction at trial of certain inadmissible evidence was not sufficiently prejudicial to appellee to warrant the granting of a new trial. We disagree and, accordingly, affirm the order of the lower court.

On September 2, 1971, appellee Mary Margaret Kelly was injured when the motorcycle on which she was a passenger collided with an automobile at an intersection in Philadelphia. Seeking to recover for her injuries, Ms. Kelly brought this action in trespass against Joseph E. Buckley, the driver of the motorcycle; appellant Debra A. Cullen, the driver of the automobile; and appellant Theresa Cullen, the owner of the automobile. Subsequently, the original defendants joined the City of Philadelphia as an additional defendant. At trial Ms. Kelly called as a witness Patrolman Harry Cosgrove of the Philadelphia Police Department. Patrolman Cosgrove had investigated the accident, but he did not actually witness it. On cross–examination the following exchange occurred between counsel for the City and Patrolman Cosgrove:

Q Officer, did you make any–any notes on your 86 form as to the contributing circumstances to this accident?

A Yes, sir, I did.

Q What were they?

A Vehicle number two [the designation given at trial to Mr. Buckley's motorcycle] failed to yield the right of way.

Counsel for Ms. Kelly promptly requested the court to withdraw a juror and declare a mistrial. The court refused, but issued an instruction cautioning the jury to "ignore ... Officer Cosgrove's impressions ... about things that he didn't see." A short time later Ms. Kelly called as a witness Officer William McDowell of the Philadelphia Police Department, another investigating officer who had not actually witnessed the accident. On cross–examination the following exchange occurred between counsel for the Cullens and Officer McDowell:

Q There was a citation issued to Mr. Buckley?

A Yes.

Counsel for Ms. Kelly again moved unsuccessfully for a mistrial, and the court cautioned the jury that they alone were charged with the duty of determining negligence in the case. After a five–day trial the jury returned a verdict

for Ms. Kelly against Mr. Buckley in the amount of $100,000; the other three defendants were exonerated. Ms. Kelly then filed a motion for a new trial in which she alleged that she had been irremediably prejudiced by the inadmissible statements of the two police officers. The lower court agreed and granted a new trial.[1] This appeal followed.[2]

The Cullens contend that the introduction of the police officers' testimony regarding the cause of the accident and the issuance of a traffic citation was not sufficiently prejudicial to warrant the granting of a new trial. It is well settled that "where a new trial is refused or granted, an Appellate Court will reverse only when there has been a clear abuse of discretion or an error of law which controlled the outcome of the case." *Chesko v. Steinbaugh*, 434 Pa. 82, 84, 252 A.2d 644, 645 (1969). *See also Hornak v. Pittsburgh Railways Co.*, 433 Pa. 169, 249 A.2d 312 (1969); *Rusidoff v. DeBolt Transfer, Inc.*, 251 Pa.Super. 208, 380 A.2d 451 (1977). Numerous appellate decisions have reversed lower court denials of new trials because of evidentiary errors similar to those which occasioned the granting of a new trial in this case. In *Shepard v. Martin Century Farms*, 245 Pa.Super. 552, 369 A.2d 765 (1977), the plaintiffs had sought to recover for personal injuries sustained when a truck owned by the defendant collided with the automobile in which they had been riding. This Court reversed judgment for the defendant and ordered a new trial because the lower court had allowed an investigating police officer to testify to the effect that the plaintiff–driver had been issued a traffic

1. The lower court reasoned that
   [t]he evidence given by the police officers was highly prejudicial to the plaintiff, who was seeking a verdict against both defendants. The specific finding by the jury that defendant Deborah [*sic*] Cullen was not negligent cannot reasonably be said to be based wholly on admissible evidence. The effect of curative instructions with respect to two patently inadmissible and prejudicial statements is so speculative as to require a new trial.
   Opinion of the lower court at 5.

2. Neither Joseph E. Buckley nor the City of Philadelphia has participated in this appeal.

summons.[3] The Court viewed such testimony as tantamount to a statement of the officer's personal conclusion that the plaintiff–driver had been negligent, and held that such " 'conclusion was for the jury and within its exclusive prerogative.' " *Id.*, 245 Pa.Super. at 556, 369 A.2d at 767 (quoting *Eastern Express, Inc. v. Food Haulers, Inc.*, 445 Pa. 432, 434, 285 A.2d 152, 153 (1971)).[4] Additionally, the Court held that the officer's testimony that he had not issued a summons to the defendant's driver was "relevant only to prove that, in the officer's opinion, the driver was not negligent," and thus also was an impermissible encroachment on the province of the jury. 245 Pa.Super. at 556–57, 369 A.2d at 767. *See also Eastern Express, Inc. v. Food Haulers, Inc., supra* (new trial granted where investigating officer permitted to testify that he had arrested defendant–driver for reckless driving); *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966) (new trial granted where lower court admitted evidence that plaintiff–driver had been convicted of Vehicle Code violation arising out of incident in question); *Gatling v. Rothman*, 267 Pa.Super. 566, 407 A.2d 387 (1979) (new trial granted where investigating officer permitted to testify that defendant had not received traffic citation); *Simpson v. Robinson*, 238 Pa.Super. 555, 361 A.2d

**3.** The officer actually testified that a traffic summons had been issued as a result of the accident, but not to the defendant's driver. The lower court then refused to let the officer testify that the summons had been issued to the plaintiff–driver. We noted that

the context in which the ruling was made inevitably implied that [the plaintiff–driver] had received a summons. By allowing the officer to testify that he had not issued a summons to [the defendant's] driver, but not permitting him to testify whether he had issued one to [the plaintiff–driver], the court left little to challenge the deductive abilities of the jurors.

245 Pa.Super. at 556, 369 A.2d at 767.

**4.** The Court also held that the Act of April 29, 1959, P.L. 58, § 1211, 75 P.S. § 1211, rendered the officer's testimony inadmissible. Section 1211 provided that evidence of a *conviction* for violation of the Vehicle Code was inadmissible "in every civil proceeding arising out of the same violation or under the same facts or circumstances." 75 P.S. § 1211. *See also Eastern Express, Inc. v. Food Haulers, Inc., supra.* Section 1211 was repealed by the Act of June 17, 1976, P.L. 162, No. 81 § 7 (effective July 1, 1977), and consequently is inapplicable to the present case.

387 (1976) (new trial granted where defendant permitted to testify that he had not been cited for traffic violation in connection with incident in question). Our decisions in *Gatling, supra,* and *Simpson, supra,* quoted with approval the following language from *Albertson v. Stark,* 294 So.2d 698, 699 (Fla.App.1974):

> Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers.[5]

Similarly, new trials have been granted in automobile accident cases in which investigating officers were permitted to state their opinions as to the causes of the accidents. *See Brodie v. Philadelphia Transportation Co.,* 415 Pa. 296, 203 A.2d 657 (1964) (investigating officer testified that defendant's trolley car was not under control and was traveling too fast for conditions); *Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963) (investigating officer testified that accident was caused by plaintiff's "failure *to react* to make a left curve of the highway." *Id.,* 411 Pa. at 147, 190 A.2d at 443). The Supreme Court's rationale for granting new trials in these cases was that the testimony of non–eyewitness police officers as to the causes of the accidents was "grossly speculative and an invasion of the jury's exclusive prerogative." *Brodie v. Philadelphia Transportation Co., supra,* 415 Pa. at 299, 203 A.2d at 658. Moreover, the Court concluded in *Brodie* that the officer's testimony had "tainted the verdict in all actions and could well have been the basic factor influencing the jury's determination of the liability question." 415 Pa. at 299, 203 A.2d at 658.

5. Cf. *Gatling v. Rothman, supra,* 267 Pa.Super. at 571–572, 407 A.2d at 389 (SPAETH, J., concurring) ("The proper rationale for excluding the officer's statement is ... prejudice: whatever help the jury might get from the officer's assessment of the situation is outweighed by the danger that the jury will give undue weight to the assessment.")

In the present case the police officer's testimony that Mr. Buckley's failure to yield the right of way contributed to the accident and that Mr. Buckley had been issued a traffic citation was virtually identical to the evidence which prompted the granting of new trials in the cases cited above. The Cullens contend, however, that Ms. Kelly suffered no prejudice from this testimony because the jury returned a verdict for her against Mr. Buckley. We disagree. As the lower court aptly noted, Ms. Kelly sought to have liability imposed upon both Mr. Buckley and the Cullens. We cannot say that the lower court abused its discretion in concluding that, despite its curative instructions, the inadmissible evidence may have influenced the jury's decision to exonerate the Cullens. Accordingly, we affirm the order of the lower court granting Ms. Kelly a new trial.

Order affirmed.