432 A.2d 608

**Margaret NAPOLITAN, Appellant,**

v.

**Mary Catherine HAPPE and Armand Ventura.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed July 10, 1981.

---

Sidney Baker, Pittsburgh, for appellant.

Richard D. Klaber, Pittsburgh, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

This is an appeal from a judgment entered upon a jury verdict in favor of appellees. The incident upon which appellant's cause of action was based occurred on February 14, 1974. Appellant, a pedestrian, was crossing a three-lane highway, South Braddock Avenue, when she was struck by a vehicle operated by appellee, Mary Catherine Happe. Appellee Happe was making a left turn from Woodstock Avenue in order to travel south on South Braddock Avenue. We need not further detail these facts for they are not crucial to our determination of this appeal. We conclude that the trial court committed error in permitting a police

officer to testify that appellee did not receive a traffic citation for her conduct and, therefore, we reverse and grant a new trial.

There can be no doubt that evidence concerning the issuance of, or failure to issue, a traffic citation is generally not admissible. *Cusatis v. Reichert,* 267 Pa.Super. 247, 406 A.2d 787 (1979); *Shepard v. Martin Century Farms,* 245 Pa.Super. 552, 369 A.2d 765 (1977); *Simpson v. Robinson,* 238 Pa.Super. 555, 361 A.2d 387 (1976).

The trial judge, affirmed by a court en banc decision, found that appellant had raised an inference that a citation had been issued when, on direct examination, a police officer stated that appellee had been taken to the station. We disagree, for our examination of the record leads to the opposite conclusion.

The police officer, after establishing the location of appellant in the street when he arrived at the scene, was then questioned on direct examination as follows:

Q. How did you route the traffic around the pedestrian?
A. Get her car moved to the side and then more or less get the two lane traffic coming up going up and we waited for the ambulance and being that the ambulance picked the woman up and then I think the other officer got the other woman that did the hitting, took her to the station.

(N.T. 21–22).

The trial court concluded, based solely on the last five words of the above response, that appellant was responsible for the officer's answer. We disagree.

First, the answer was not responsive to the question and, therefore, was entirely unsolicited and unexpected. Second, the response does not even remotely suggest the issuance or non-issuance of a citation. In the circumstances here related, it more logically presents merely a continuation of a necessary police investigation of an accident involving an injury. This is particularly so since the record discloses that the accident created a traffic problem and that appellant was removed by ambulance from the scene to a hospital.

However, on cross-examination of that police officer by appellee's counsel, the following occurred:

Q.  I notice I have a copy of that, too, Officer Prisalac, and I notice that there are *no charges* that were listed against my client, Mrs. Happe.  Is that correct?

A.  Right.

MR. BAKER (Appellant's counsel): I object to that, Your Honor, and ask for the withdrawal of the jury.

MR. CLABER (Appellees' counsel): I think it is relevant, Your Honor.

MR. BAKER: I don't want to argue it in front of the jury.  I object and ask for the withdrawal of the jury.

THE COURT: We will overrule the objection, continue. (N.T. 26) (emphasis added).

The above ruling was error.

The judgment entered April 19, 1979 is vacated and a new trial granted.

WATKINS, J., dissents.