**DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**Fred GANDY, Jr., Appellee.**

No. 79-947.

District of Columbia Court of Appeals.

Reargued Feb. 22, 1983.

Decided April 12, 1983.

William J. Earl, Jr., Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the petition, for appellants.

Wiley A. Branton, Jr., Washington, D.C., with whom Wiley A. Branton, Sr., Washington, D.C., was on the opposition to the petition, for appellee.

Before NEWMAN, Chief Judge, and FERREN, Associate Judge, and KELLY,* Associate Judge, Retired.

KELLY, Associate Judge, Retired:

The division opinion in this case, *District of Columbia v. Gandy,* 450 A.2d 896 (D.C. 1982), was vacated when appellants' petition for rehearing was granted. With the exception of Part I thereof, that opinion is hereby reinstated and the judgment on appeal is reaffirmed.

■ With respect to appellants' contention that the court erred in admitting at trial evidence showing that the criminal

charges against appellee were dropped, the division was careful to emphasize the general rule that evidence that charges were not brought has been held inadmissible in a civil case arising out of the same events as the criminal charges. *Nadler v. Home Insurance Co.,* 339 So.2d 280 (Fla.App.1976); *Galbraith v. Hartford Fire Insurance Co.,* 464 F.2d 225 (3d Cir.1972); *Napolitan v. Happe,* 288 Pa.Super.Ct. 468, 432 A.2d 608 (1981). The rationale of those cases is that the jury in the civil case may mistakenly consider the decision not to prosecute as dispositive of the issue of fault. *MacNeil v. Singer,* 389 So.2d 232, 234 (Fla.App.1980), citing *Albertson v. Stark,* 294 So.2d 698, 699 (Fla.App.1974), and may prejudicially tip the balance in the jurors' minds. *See Eggers v. Phillips Hardware Co.,* 88 So.2d 507, 508 (Fla.1956) (en banc). There may be many reasons not to prosecute, but nonprosecution is not evidence of the faultlessness of the individual charged. *Simpson v. Robinson,* 238 Pa.Super.Ct. 555, 557, 361 A.2d 387, 388 (1976), citing *Patton v. Franc,* 404 Pa. 306, 172 A.2d 297 (1961). Non-prosecution is at best evidence that in the prosecutor's opinion, not based on personal knowledge, the individual did not commit the crime; it would thus be inadmissible under the opinion rule and the rule requiring that a witness have personal knowledge. *See Galbraith v. Hartford Fire Insurance Co., supra,* 464 F.2d at 227–28.

■ There are, of course, cogent reasons why the general rule should not apply in a suit for false arrest.[1] *Broughton v. State of New York,* 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 95, 335 N.E.2d 310, 315, *cert. denied,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). Nevertheless, lacking any binding precedent, we have been persuaded that no such exception has been nor

* Judge Kelly was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on March 31, 1983.

1. In a false arrest case, which puts the burden of proof on the defense to show legal justification, one is hard put to say that disposition in a criminal case is irrelevant. Such evidence is, of course, admissible in a malicious prosecution suit to establish a necessary element of proof—that the prosecution ended favorably for the plaintiff.

should be made in this jurisdiction by a division of the court. Consequently, we hold that the disputed evidence in this case was admitted in error. In context, however, the error was clearly harmless. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). First, from the following testimony, the reason for dropping the charges was evident.

[GOVERNMENT COUNSEL]: Officer Gaydovchik, regarding your conversation with the United States Attorney papering or at the preliminary hearing, would you please relate to the substance of that conversation?

[OFFICER GAYDOVCHIK]: Yes sir. Well, prior to the preliminary hearing, I met with the United States, Assistant United States Attorney. He, in turn, took the case jacket and inquired and asked did Mr. Gandy have any police record, which I stated no local record as far as I can tell. He asked me were any police officers seriously injured. I said no. He said as far as his appearance, does he appear to be a reputable type person. And I replied something yes, he appears a businessman and neat, you know, well-dressed looking gentleman. And at that time, the United States Attorney said, well, we won't proceed with this. We'll just nolle the charges now. And I said somewhat, okay, get, give the man a break or give the guy a break. And that was the substance of it.

Second, the fact of dismissal was not argued to the jury. Third, the trial judge gave an appropriate limiting instruction. With respect to the arresting officer's reasonable belief, the court told the jury that "the fact that a person is not later convicted, does not mean that the officer's belief was not a reasonable one or that he could not have entertained a reasonable belief that there was probable cause or articulable suspicion."

■ As for the possible impact of the evidence on the jury, we have, on occasion, given deference to the trial court's evaluation and remanded cases for an initial determination of prejudice. *Cf. Tabron v. United States,* 410 A.2d 209 (D.C.App.1979) (remand for trial court to evaluate the potential prejudice from its ruling which limited the bias impeachment of government witnesses), *aff'd after remand,* 444 A.2d 942 (D.C.App.1982); *Ibn-Tamas v. United States,* 407 A.2d 626, 640 (D.C.App.1979) (remand for trial court to exercise its discretion in determining the admissibility of expert testimony where the record on appeal is inconclusive), *aff'd after remand,* 455 A.2d 893 (D.C.App.1983); *Day v. United States,* 390 A.2d 957, 971 (D.C.App.1978) (suggesting that in certain cases involving the assertion of a speedy trial claim "a remand would be the prudent course"). But to do so here is unnecessary, for the trial judge measured the impact of the disputed evidence on the jury in its ruling on a motion for new trial. *Cf. Reid v. United States,* 402 A.2d 835 (D.C.App.1979) (post-trial evaluation of speedy trial claim). In her words: "Finally, it should be noted that jury knowledge of the nolle prosequi was but a minor part of the evidence. It was not a focus of closing argument. At best, it was a peripheral part of this case."

Accordingly, finding no reversible error, the judgment on appeal is

*Affirmed.*