180 So.2d 205 (1965)
CENTRAL HARDWARE CO., a Florida corporation, Appellant,
v.
Sydelle STAMPLER, a widow, and City of Miami Beach, a municipal corporation, Appellees.
No. 65-196.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied December 7, 1965.
*206 Welsh, Cornell, Carlton & Walsh, Joe N. Unger, Miami, for appellant.
Gershon S. Miller, Miami Beach, for appellee Stampler.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
The appellant, one of the defendants below, appeals a final judgment entered after a jury verdict for the plaintiff in a "trip and fall" case. The plaintiff did not appeal the directed verdict entered by the trial court in favor of the co-defendant, City of Miami Beach. The appellant has assigned as error the granting of the directed verdict, but a co-defendant in a tort action cannot complain of a verdict rendered in the other defendant's favor. Jackson v. Florida Weathermakers, Fla. 1951, 55 So.2d 575.
The plaintiff was a passing pedestrian who tripped over a vinyl-link mat, placed by the appellant in front of its retail store on the City's sidewalk, while enroute to her destination two stores west of the appellant's premises. The accident occurred at 6:00 P.M. on November 2, 1962, after the store premises were closed for the day.
The mat over which the plaintiff allegedly tripped had been in front of the establishment for approximately four years prior to the accident. The plaintiff alleged that the appellant company created or allowed a hazardous and dangerous condition to exist in that this mat had "bulged" along its eastern-most edge, forming an obstruction to the normal path of travel of a pedestrian. The plaintiff further alleged that the appellant *207 company was negligent in creating a hazard by failing to adequately light the mat at its defective edge, and that it did not post signs or give other warning to her of said defect.
There was a conflict in the testimony as to the lighting of the store premises at the scene of the accident. There was evidence to the effect that no officer or employee of the appellant company had any knowledge whatsoever of any condition in the mat, other than that it was in good condition, nor that any person had previously fallen over it. At the point of the fall, the sidewalk is approximately three times the width of the mat, giving ample room for a person to walk in front of the store without having to walk over the mat. The plaintiff also alleged negligence on the part of the appellant City in allowing such a hazardous and dangerous condition to exist. The verdict of the jury awarded a specific amount for medical expenses, with a like amount for "damages". Motion for new trial was denied.
The appellant contends that the plaintiff was a licensee and that there was no competent evidence to prove a breach of a duty by the appellant to a licensee; that there was error committed by plaintiff's counsel in continuing to question witnesses about changes made subsequent to the accident, and that it did not receive a fair and impartial trial.
The record shows that the court did not charge the jury that Mrs. Stampler was a "licensee" but merely referred to her as "a person in the status of the plaintiff". It is unimportant as to the label which the appellant attempts to place on the plaintiff in this matter. Whether the plaintiff was a licensee or not, she had a legal right to be on the sidewalk, and the negligence, if any, of the appellant caused her injury and damage.
The case of City of Newport v. Schmit, 1921, 191 Ky. 585, 231 S.W. 54, involved a similar set of facts. The plaintiff was a woman pedestrian walking past the Hippodrome Theatre. The theatre had extended the floor of its lobby into the sidewalk three feet by placing tile spelling out the word "Hippodrome". There was testimony to the effect that the tile, by reason of its hard slick surface, was unsafe for use by pedestrians shod in the ordinary way. This jury question was resolved in favor of the plaintiff and verdict was rendered against both the abutting premises and the city. We agree with and adopt the rationale and decision expressed by the court that where an abutting owner creates a servitude upon a sidewalk which is an addition to the general use the public may make of the sidewalk, as for example the placing of a door or coalhole in the walk, he is bound to maintain the servitude so that it will not become a nuisance, and if he fails he is liable to persons injured as a result of the defect. See Annot., 88 A.L.R.2d 331.
The appellant objects to the trial judge permitting the witness to testify as an expert on the question of a defect in the rubber mat over which plaintiff tripped. In Myers v. Korbly, Fla.App. 1958, 103 So.2d 215, 222, it was stated:
* * * * * *
"`When a witness is offered as an expert or skilled witness, it is for the trial court to determine whether or not he has been shown to possess the requisite qualifications and special knowledge to authorize his testimony.' 13 Fla.Jur. Evidence § 311; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 So. 318; Schley v. State, 48 Fla. 53, 37 So. 518.
"`This is a question of fact to be determined from testimony bearing on that question and the decision of the trial court with respect thereto is conclusive unless it appears to have been in error.' 13 Fla.Jur. Evidence § 311; Foster v. Thornton, 125 Fla. 699, 170 So. 459; Fred Howland, Inc., v. Morris, 143 Fla. 189, 196 So. 472, 128 A.L.R. 1013.

*208 "`Its decision is entitled to great weight in the appellate court because of the superior advantages possessed by the trial judge, who hears the testimony and observes the witnesses, and his decision will not be pronounced erroneous unless clearly so.' 13 Fla.Jur. Evidence § 311; Davis v. State, 44 Fla. 32, 32 So. 822."
* * * * * *
We do not find error by the trial court in allowing the testimony of the "expert" concerning the rubber mat.
A careful examination of the record does not indicate that the questions asked concerning the physical changes in the appellant's store subsequent to the accident were of such a nature and so repetitious as to cause a reversal on this point. This information was volunteered by the president of the appellant company, who was asked by plaintiff's counsel, "Do you ever do any repairs to the city sidewalk in front of your premises?" He replied, "We have not done any repairs. The only time we did some is when we remodeled the front of the door, and this was quite a bit after this accident. Then, we leveled off the sidewalk." He therefore volunteered the information that he had made changes in the premises subsequent to the accident.
Later, there was some legal skirmishing concerning a change in the lighting subsequent to the accident; however, this was followed by a cautionary notice from the judge requiring the jury to disregard the same, which would remove any prejudicial effect such remarks may have created. See 32 Fla.Jur. Trial § 137.
This court has considered the appellant's other contentions and find them to be without merit. The evidence taken as a whole does not indicate that the appellant was deprived of a fair and impartial trial.
The judgment appealed from is therefore
Affirmed.