SWANN, Judge.
The City of Coral Gables appeals from a final judgment rendered in a negligence action for the plaintiffs, Ethel and George Levison, husband and wife.
The sole question on appeal arises from the following direct examination testimony elicited from Mrs. Levison. It concerned the waste disposal equipment which caused the accident. Mrs. Levison was asked, *431 “Was anything installed to fasten it to the building?” Her answer was, “Not until after the accident.”
The attorneys for the city objected and the objection was sustained. The jury was then excused and a colloquy took place between the court and counsel for the respective parties. It is obvious from the colloquy that the remark made by Mrs. Levison was inadvertent and unexpected by her counsel. The city does not challenge the fact that the answer was inadvertent.
The city contends that the answer constituted prejudicial and reversible error and that the final judgment rendered upon the jury verdict should be reversed. We cannot agree.
While the jury was absent, the city moved for a mistrial and its motion was denied. The able trial judge then asked counsel whether they wanted an instruction to the jury to disregard the answer of Mrs. Levison. There was no response to this inquiry. Later, during the colloquy, the trial judge again asked counsel whether they wanted an instruction to the jury with regard to the sustaining of the objection and again, there was no response from counsel. The judge, after apparently waiting for a response, stated that he would “let it go as is.”
The trial judge obviously extended to counsel for the city an opportunity to cure any error, if any had in fact occurred. Counsel did not take advantage of this opportunity. Under the circumstances it would appear that if error occurred it was invited error and insufficient to warrant reversal of this final judgment. See 2 Fla. Jur. Appeals § 313.
In addition, review of the record reveals that the evidence therein taken as a whole does not show that the city was deprived of a fair and impartial trial. See Central Hardware Co. v. Stampler, Fla. App.1965, 180 So.2d 205. The inadvertent answer did not inform the jury that the defendant had made any changes or repairs after the accident. The jury might have drawn the inference from the remark that the Levinsons had taken some action after the accident.
Under the facts and circumstances, as revealed by the record of this case, we do not find that reversible error has been committed.
The final judgment herein appealed be and the same is hereby affirmed.