339 So.2d 280 (1976)
Jodi NADLER, a Minor, by and through Her Father and Next Friend, Mel Nadler, and Mel Nadler, Individually, Appellants,
v.
HOME INSURANCE COMPANY, a Corporation Licensed to Do Business in the State of Florida, et al., Appellees.
No. 75-1859.
District Court of Appeal of Florida, Third District.
November 16, 1976.
*281 Grover, Ciment, Weinstein & Stauber, Miami Beach, for appellants.
Kuvin, Klingensmith & Lewis, Coconut Grove, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Appellants, plaintiffs below, appeal from an adverse final judgment pursuant to a jury verdict, and from an order denying their motion for a new trial in a suit for damages growing out of an automobile-bicycle accident.
The two points on appeal urged by plaintiffs are first, that the trial court erred in not declaring a mistrial on its own motion during the trial or after the jury returned its verdict for defendants and, second, that the court erred by permitting defendants to have an ordinance read into evidence which the plaintiffs contend was not applicable.
The record reflects that the first witness to testify for plaintiffs was the police officer called to the scene of the accident. On cross examination, defendants' counsel asked the following question: "Officer, did you charge either of the persons with the accident?" The officer responded, "No, sir, there was no charge." The court then asked, "Is there any objection?" Plaintiffs' counsel replied, "Of course. Obviously, it is incorrect." The court immediately instructed the jury to disregard the question, as it had no bearing on the issues involved in the case. Immediately after examination of the police officer and out of the presence of the jury, plaintiffs' counsel moved the court to instruct defendants' counsel to "conduct himself like an officer of the court," and further stated "[h]owever, certainly I am not going to ask for [a mistrial] at this stage." During the same colloquy, the court stated that counsel for plaintiffs was waiving the mistrial. The trial concluded without further mention on the record that plaintiffs' counsel had moved for a mistrial.
It is clear that disclosure of the fact that a defendant in a civil suit was not charged with a driving violation is improper. Eggers v. Phillips Hardware Co., 88 So.2d 507 (Fla. 1956). In certain circumstances, the disclosure may be deemed so prejudicial that an instruction to the jury to disregard the improper comment may not suffice to cure the error, and in such circumstances, the jury's verdict may properly be set aside. Albertson v. Stark, 294 So.2d 698 (Fla. 4th DCA 1974). There are instances, however, where the trial court's failure to declare a mistrial may not constitute reversible error. In Kleiman v. Zap, 297 So.2d 314 (Fla. 3rd DCA 1974), this court affirmed a verdict in favor of the appellee-driver despite the fact that it had been disclosed inadvertently during the trial that he had been dismissed from a traffic charge growing out of the subject accident. It was reasoned that the appellants' failure *282 to move for a mistrial was not excused by their belief that the motion would have been "fruitless."
While the testimony concerning the lack of any charges surrounding the accident involved herein was deliberately elicited from the officer by defendants' counsel, we do not feel that the court committed reversible error by failing to declare a mistrial on its own motion. The trial judge expressly noted that plaintiffs' counsel was waiving the mistrial after the latter stated that he would not ask for a mistrial at that stage of the proceedings. Despite this admonition, no further mention was made by plaintiffs' counsel of a motion for mistrial until three other witnesses had testified after the police officer. And although the transcript appears incomplete at this point, it clearly indicates that counsel for the plaintiffs intended to adopt a "wait and see" attitude as far as the mistrial was concerned.
In this situation, plaintiffs' attorney could quite properly have moved for a mistrial. Had he done so when the prejudicial statement was first made, it is apparent that the motion would have been granted, since the trial judge was obviously well apprised of the law on this point. To the extent that the trial judge merely instructed the jury to disregard the challenged question and response, counsel for plaintiffs in effect was given "all the relief he asked for." Albertson, supra at 700 (Mager, J., dissenting). Every opportunity was extended, yet no motion for mistrial was made. Such a situation is readily distinguishable from one where there is no active, informed assent to the trial judge's ruling. Given these facts, we do not feel that the trial judge should have declared a mistrial sua sponte. Cf. City of Coral Gables v. Levison, 220 So.2d 430 (Fla. 3rd DCA 1969).
Plaintiffs' second point on appeal is without merit, as the record reflects that plaintiffs did not object during trial to the admission of the traffic ordinance into evidence. Klem's, Inc. v. Cline, 105 So.2d 881 (Fla. 1958); see also Ross v. Florida Sun Life Insurance Co., 124 So.2d 892 (Fla. 2nd DCA 1960).
Affirmed.