343 So.2d 1292 (1977)
Samuel MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-610.
District Court of Appeal of Florida, Third District.
March 15, 1977.
Rehearing Denied April 18, 1977.
Max B. Kogen and Geoffrey C. Fleck, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Sidney M. Pertnoy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and NATHAN, J., and DREW, E. HARRIS (Ret.), Associate Judge.
HENDRY, Chief Judge.
Appellant, Samuel Miller, was charged by indictment on February 26, 1975, with first degree murder in violation of Section 782.04, Florida Statutes (1975). The case proceeded to trial, non-jury, whereupon, at its conclusion, the court adjudicated appellant guilty of second degree murder. Thereafter, appellant was sentenced to fifteen years imprisonment. Motion for new trial was denied and this appeal follows.
Appellant raises the following points on appeal: (1) that the trial court erred in *1293 failing to grant appellant a new trial in that the court had read the depositions of prosecution witnesses before being apprised of appellant's intention to waive jury trial and had thus developed preconceived conceptions as to the proper outcome of the trial, thereby denying appellant a fair and impartial trial; (2) that the evidence was insufficient, as a matter of law, to sustain a second degree murder conviction, thus establishing error of the trial court in refusing to grant appellant's motion for judgment of acquittal, made at the conclusion of the state's case, and motion for new trial; (3) that reversible error was committed in allowing the state to use a prior statement of a prosecution witness that ad not been made available to appellant, pursuant to Rule 3.220, Fla.R.Crim.P.; (4) and that the court erred in denying appellant's motion for mistrial when the state sought to impeach appellant on cross-examination by the use of his silence at the time of his arrest and in the face of accusation, in violation of his fifth amendment right against self-incrimination.
For the following reasons, we believe the above contentions to be without merit and affirm appellant's conviction.
Regarding appellant's initial point, we note that upon appellant's request for waiver of trial by jury, the trial judge volunteered to appellant that he had read the depositions in the court file of prosecution witnesses. Nevertheless, upon being interrogated by the trial judge a second time, appellant persisted in his wish for non-jury trial.
Appellant argues that the trial judge had developed a preconceived notion of the applicability of certain case law to the case sub judice, however, such contention is completely unsubstantiated by the record. As the judge stated before allowing appellant to sign the waiver: "I have no preconceived notions of the matter, but I do want you to know that I am familiar with it." In sum, we are satisfied that appellant exercised a knowing and intelligent waiver of his right to trial by jury and was adjudged by a fair and objective trier of facts.
Appellant's second point is addressed to the sufficiency of the evidence as inadequate to sustain a conviction for second degree murder. We disagree; the record reveals substantial competent evidence to support appellant's conviction for the above crime. Wetherington v. State, 263 So.2d 294 (Fla. 3d DCA 1972).
Appellant's third point concerns the use of a written statement by the state's witness, to refresh his recollection. Appellant contends that his failure to receive a copy of the statement, pursuant to Rule 3.220, Fla.R.Crim.P. amounted to reversible error. In that the statement appeared in the court file, the certificate of service suggested that the statement was in fact mailed to appellant's counsel and appellant's deposition of the witness revealed the substantially identical statement, we are of the opinion that no harm or prejudice to appellant occurred. Pizzo v. State, 289 So.2d 26 (Fla. 2d DCA 1974); see State v. Coney, 272 So.2d 550 (Fla. 1st DCA 1973).
Appellant's final point concerns an alleged violation of his fifth amendment right against self-incrimination. In the case at bar, appellant was asked during cross-examination:
"Did you ever tell anybody on February 15, 1975, what you told the Court today, that Kaplan grabbed your hand and jerked it away and that is what caused the gun to go off?"
The defendant responded:
"I said Kaplan pushed his hand against here. I distinctly recall telling somebody."
Thereafter, a rebuttal witness, one of the arresting officers, was called by the state and testified that appellant had not stated the above exculpatory story at the time of his arrest.
In light of the fact that appellant chose not to remain silent at the time of his arrest, but allegedly offered the above story to the police, we do not see how appellant's fifth amendment rights were violated by the state's challenge to that exculpatory *1294 testimony. Cf. United States v. Fairchild, 505 F.2d 1378 (5th Cir.1975) and see footnote eleven (11), Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
After having carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we conclude that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed is affirmed.
Affirmed.