349 So.2d 731 (1977)
Roger Lee ELLISON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1195.
District Court of Appeal of Florida, Third District.
August 23, 1977.
Rehearing Denied September 23, 1977.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Roger Lee Ellison was charged by information with assault with intent to commit murder and with shooting into an occupied dwelling. He was tried by jury, found guilty of shooting into an occupied dwelling, convicted and sentenced to 10 years imprisonment, with one year to be served in the county jail and 9 years probation. He was acquitted of the charge of assault with intent to commit murder. As one of his points on appeal, Ellison contends that the trial court erred in permitting the prosecutor to cross-examine him about his failure to offer exculpatory statements, and to comment thereon during closing argument.
The record reflects that the prosecutor did not introduce any direct testimony to the effect that Ellison exercised his right to remain silent while in custody. In fact, the prosecutor avoided any inquiry into this area during his direct examination of the arresting officer. Rather, it was defense counsel who first opened the door to this line of questioning. The defendant testified in his own behalf, and during his direct examination, defense counsel asked:

*732 Q: All right, now, when you called the police, did you indicate that your shotgun had gone off at that time?
A: No, I didn't. I didn't.
Q: And could you tell us why you didn't?
A: Well, first of all, I didn't really see any reason why I should tell them then. Mainly, I think I was concerned with talking to the officer and making the report like on the telephone. I figured later if they asked me, I would have told them later about the details about what had happened.
The defendant then testified concerning his cooperation with the police, stating that he called the police and voluntarily showed his weapons to the officer.
Then, on cross-examination, the prosecutor continued the line of inquiry opened by defense counsel, by asking whether the defendant said anything to the officer about the shotgun discharging accidentally, and during closing argument he commented upon the defendant's failure to mention this fact to the police. In our opinion, the prosecutor's questions were not improper in light of the fact that it was defense counsel who first opened the door to the line of questioning.
Florida courts follow the "invited error" rule, which stands for the proposition that an appellant may not take advantage of an error which he has induced. Arsenault v. Thomas, 104 So.2d 120 (Fla.3d DCA 1958); City of Coral Gables v. Levison, 220 So.2d 430 (Fla.3d DCA 1969); Sullivan v. State, 303 So.2d 632 (Fla. 1974); Castle v. State, 305 So.2d 794 (Fla.4th DCA 1974).
Constitutional rights may be waived just as other rights may be waived; a criminal defendant may, by his conduct, make otherwise constitutionally inadmissible evidence admissible for certain purposes. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In the instant case, it was the defendant who chose to testify concerning the fact that he did not tell the police that his gun accidentally discharged. He chose to tell the jury exactly what he did and did not say to the police. Having opened the door to this line of questioning by his own direct testimony, Ellison cannot now be heard to complain that the State marched through the door so opened. See Miller v. State, 343 So.2d 1292 (Fla.3d DCA 1977).
The other point raised on appeal is without merit.
Affirmed.