PER CURIAM.
The appellant, Housing Investment Corporation of Florida, a lender of money for the construction industry, was the plaintiff in the trial court. It brings these consolidated appeals from (1) a final judgment entered upon the defendant’s motion for an involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), and (2) a subsequent order allowing attorneys’ fees to the defendant. We affirm in each case for the reasons which follow.
The first point, directed to the final judgment, urges that the trial judge improperly considered some of defendant’s evidence, which was taken out of turn, upon defendant’s motion in the nature of a motion for directed verdict. The trial judge specifically stated in his judgment that he based his ruling on plaintiff’s evidence only.[1] Additionally, it should be noted that the plaintiff did not object to the procedure employed by the court and that the record does not support the plaintiff’s contention that the judgment could be sustained only upon one or more of the affirmative defenses. See Fidelity & Casualty Company of New York v. Tiedtke, 207 So.2d 40 (Fla.4th DCA 1968); and Florida Rule of Civil Procedure 1.120. See also United Bonding Insurance Company v. Dura-Stress, Inc., 243 So.2d 244 (Fla.2d DCA 1971).
The second point claims reversal under the holding in O’Bryan v. Linton, 41 So.2d 169 (Fla.1949), where the court stated that:
******
“. . .a party who gives a reason for his conduct on anything involved in a controversy cannot, after litigation has started, change his ground and put his conduct upon a different consideration
******
“So it is our conclusion that the defendant in this case could not plant his defense on objections which occurred to him after the suit was impending or brought, or which, if they had occurred to him, were not offered at the time the defendant refused to enter into the contract which had already been signed by the purchasers.
“If any such exceptions to the sale were taken by the seller at the first opportunity they might then be obviated and the sale consummated so that the broker would not lose compensation for the services he had performed or be forced to sue for it.”
We think that the rule stated is inapplicable here where the defendant, in its letter of termination of an agreement for plaintiff’s failure to perform, was not required by law to particularize all of the plaintiff’s de *647 faults. The letter was couched in general terms. The issue was not the sufficiency of the letter, inasmuch as it was not necessary for the defendant to “terminate the agreement.” The plaintiff’s action was in the nature of a prayer for specific performance and the issue was plaintiff’s performance under the contract.
The interlocutory appeal from the order allowing attorneys’ fees and costs to the defendant fails to show the abuse of discretion claimed. See Central Hardware Co. v. Stampler, 180 So.2d 205 (Fla.3d DCA 1965), and authorities therein, cited for the rule that it is for the trial court to determine whether or not a witness offered as an expert or skilled witness has been shown to possess the requisite qualifications and special knowledge to authorize his testimony.
Affirmed.

. “The evidence presented by the Plaintiff with all inferences deduced therefrom and being viewed in a light most favorable to said Plaintiff, does not establish the causes of action set forth in Plaintiffs complaint, it is therefore