UNITED STATES of America ex rel. Samuel MILLER, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 79–1044

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 6, 1979.

Arthur Addess, Miami, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., Tallahassee, Fla., Anthony C. Musto, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM:

Miller filed in the district court a habeas corpus petition attacking his Florida 1976 nonjury murder trial and conviction. His conviction was affirmed on direct appeal, *Miller v. State*, 343 So.2d 1292 (Fla.Dist.Ct. App.), *cert. denied*, 352 So.2d 173 (Fla.S.Ct. 1977). In his petition he alleged ineffective assistance of counsel, involuntary waiver of jury trial, involuntary waiver of speedy trial, involuntary withdrawal of guilty plea, improperly admitted evidence, impropriety of the judge in withholding his knowledge

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

of legal precedents, and denial of his right against self-incrimination.

The district court dismissed Miller's petition without prejudice because he had not exhausted in state courts the issues of ineffective assistance of retained counsel, waiver of jury trial, waiver of speedy trial, and withdrawal of a guilty plea to manslaughter.

■ In order to satisfy the exhaustion requirement of 28 U.S.C.A. § 2254, it is not necessary to present collaterally to the Florida courts the issue of ineffective assistance of privately retained counsel, the law of the State affording no relief. *See Perez v. Wainwright*, 594 F.2d 159 (5th Cir. 1979); *United States ex rel. Reis v. Wainwright*, 525 F.2d 1269 (5th Cir. 1976).

■ Miller offers a long discussion concerning the treatment which he anticipates a Florida court will give his other claims. The law of Florida does not, however, demonstrate that the assertion of such claims has been foreclosed by the Supreme Court of Florida precedent. The dismissal of his mixed petition must, therefore, be affirmed. *See Galtieri v. Wainwright*, 582 F.2d 348, 355, 362 (5th Cir. 1978) (*en banc*).

AFFIRMED.