POLSTON, J.,
concurring in part and dissenting in part.
I concur with the majority’s decision to affirm Caraballo’s convictions. However, I respectfully dissent to the majority’s decision to remand for a new penalty phase. Unlike the majority, I do not believe that Dr. Garcia’s penalty phase testimony constitutes reversible error.
Our precedent indicates that a trial court does not abuse its discretion in permitting an expert to testify during the penalty phase about a competency interview to rebut the defense’s mental mitigation. In Phillips v. State, 894 So.2d 28, 40-41 (Fla.2004), this Court addressed a claim that appellate counsel was ineffective for failing to raise the admissibility of an expert’s testimony during a second penalty phase in violation of Florida Rule of Criminal Procedure 3.211(e). This Court concluded that the expert’s testimony “was proper, and appellate counsel cannot be deemed ineffective for failing to raise a meritless issue.” Phillips, 894 So.2d at 41 (citing Long v. State, 610 So.2d 1268, 1275 (Fla.1992)). Like Dr. Garcia in the instant case, the expert in. Phillips testified during a penalty phase about a competency interview with the defendant to rebut the defense’s proposed mitigation. In fact, like Dr. Garcia, the expert in Phillips “testified to the type of questions he asked [during the competency interview, the defendant’s] responses, and the psychological interpretation of those responses.” Id.
The difference between Phillips and the instant case is that here (unlike in Phillips ) the purpose of the mental health interview was disclosed to the jury. However, any error in mentioning competency was invited error in this case. Dr. Garcia first mentioned the purpose of his evaluation of Caraballo in response to defense *1255 counsels questions on cross-examination as to why Dr. Garcia had not reviewed particular mental health records from around the time preceding the murders. The next two instances in which Dr. Garcia discussed competency were also in response to similar questions by defense counsel. Therefore, once defense counsel opened this door and invited any error, the State was free to address the matter on rebuttal. See Tanzi v. State, 964 So.2d 106, 115 (Fla.2007); Ellison v. State, 349 So.2d 731, 732 (Fla. 3d DCA 1977) (explaining that “Florida courts follow the ‘invited error’ rule” and stating that “[h]aving opened the door to this line of questioning by his own direct testimony, [defendant] cannot now be heard to complain that the State marched through the door so opened”).
Moreover, in Phillips, the expert testified that he had conducted a “mental status examination” of the defendant. Phillips, 894 So.2d at 41. Certainly, the term “competency” can do no more harm than the term “mental status examination.” It simply appears the majority is improperly receding from this Court’s decision in Phillips without acknowledging that it is doing so.
CANADY, J., concurs.