HORTON, Judge.
The appellant, who was the defendant in the court below, appeals from an order granting the appellee a new trial.
The appellee brought an action in the court below seeking in two counts to recover from the appellant (1) for merchandise sold and delivered, and (2) on certain promissory notes which evidenced a portion of the indebtedness claimed for the merchandise sold. The appellant filed an answer containing affirmative defenses and a counterclaim seeking damages for the alleged loss of certain of its chicken flock which appellant attributed to the poor quality of appellee’s feed as well as the absence of an important medication in the feed. The counterclaim was in two counts, one on an implied warranty of fitness and the second on an express warranty that the feed contained a certain designated medication. The appellee answered both' counts of the counterclaim denying the material allegations thereof. The cause was tried before a jury on the issues made by the counterclaim and answer thereto, resulting in a verdict favorable to the appellant. After the verdict, appellee made certain post trial motions, including a. motion for new trial. A new trial was granted to appellee upon the sole ground that the trial judge was of the view that he had erroneously admitted hearsay testimony of a witness relating to the contents of certain tags attached to the feed delivered to the appellant’s poultry farm when such testimony was allegedly based upon matters related to the witness by another person. This appeal followed.
The appellant takes the position here that the order granting a new trial should be *84 reversed because the ground upon which it was granted, i. e., hearsay testimony, (1) was not raised by the appellee in the court below; (2) was not properly and timely preserved during the trial and appellee had failed to move to strike the questioned testimony; and (3) that the appellee had waived during the trial its right to now urge the incompetency of the testimony.
The testimony in question was given by an employee of the appellant who was the overseer of the chicken farm where the feed was delivered. We have read the testimony of this witness and conclude, as the appellant urges, that the appellee did not timely or properly preserve during the trial the question of whether the testimony was or was not hearsay. Further, it appears that the appellee, after the appellant had concluded its direct examination of the witness, proceeded to interrogate by cross examination the same witness on the same subject matter, but at no time moved to strike the testimony as being hearsay. The objection of the appellee to the testimony given on direct examination was that the tags which accompanied the delivery of the bulk feed were the best evidence of what they contained. On this basis the court overruled the appellant’s counsel’s objection. At one point an objection was interposed by counsel for appellee that certain testimony sought to be elicited was hearsay and this objection was sustained. Other than the one objection which was sustained, the appellee did not attack the testimony of the witness as hearsay. It is our view that appellee did not timely or properly preserve as a ground for new trial the question of the admissibility of the questioned testimony and by its actions in developing and •expanding on cross examination the objectionable matter, waived the right to further urge such error. See 32 Fla.Jur., Trial, .'§§ 50, 55.
Considering the restricted range of review permissible by an appellate court in an appeal from an order granting a new trial, and measuring the actions of the trial judge in granting the new trial against the record of these proceedings, we conclude that it was an abuse of discretion to have granted appellee a new trial. See §§ 59.04, 59.07(4), Fla.Stat., F.S.A., and Cloud v. Fallis, Fla.1959, 110 So.2d 669. The order granting a new trial is therefore reversed and the cause is remanded with directions to reinstate the verdict and render judgment thereon in favor of the appellant.
Reversed and remanded with directions.