330 So.2d 751 (1976)
PETROLEUM CARRIER CORPORATION et al., Appellants,
v.
Phillip D. GATES and Mary B. Gates, Appellees.
No. Y-496.
District Court of Appeal of Florida, First District.
March 5, 1976.
As Modified on Petition for Rehearing May 18, 1976.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Richard P. Warfield, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
BOYER, Chief Judge.
Appellants, defendants in the trial court, appeal from a final judgment based on a jury verdict awarding appellees damages in the approximate amount of $31,000. Appellants request a new trial, arguing that the award of damages was excessive and that the trial court erred in directing a verdict on the issue of liability.
Appellees, Mr. and Mrs. Gates, initiated this action by filing their complaint for damages which was based on an accident between an automobile driven by Mrs. Gates and a tractor-tank trailer vehicle owned by appellant Petroleum Carrier Corporation. According to Mrs. Gates, three tractor-tank trucks were proceeding in a westerly direction on Highway 98 in the right lane while she was driving her Mercedes in the left lane. She noticed the lead tank truck moving from the right lane *752 to the left lane in order to avoid an obstruction in the right lane. When she was about a block away from the obstruction, she claims that she slowed down, not by putting on her brake, but by easing off on the accelerator as the lead tank truck moved from the right to the left lane. As she slowed down, she was struck in the rear by the second of the three tank trucks.
The drivers of the three tank trucks view the accident somewhat differently. The driver of the lead truck stated that he did not see the collision because he was too far ahead (west) on Highway 98. The driver of the second tank truck testified that he was in the right lane, saw the obstruction ahead, slowed down to allow a car to pass him in the left lane, and finally moved into the left lane. He testified that he did not see the accident. The driver of the third tank truck, Steven C. Foster, stated that he saw the obstruction shortly before the driver of the second truck put on his left turn signal light. Mr. Foster turned on his own left turn signal and looked into his rear view mirror where he viewed Mrs. Gates' Mercedes move from behind him into the left lane to pass. When the Mercedes passed his truck, Mr. Foster steered his truck into the left lane. He testified that when he noticed the brake lights on the Mercedes, he began applying his brakes. Foster's truck rapidly overtook the Mercedes, and it appeared to him that the Mercedes had come to an almost complete stop, although he admitted on cross-examination that he could not tell whether the car was still moving or not. He testified that he was unable to stop his truck before striking the rear of Mrs. Gates' automobile.
It is axiomatic that a directed verdict should be entered only where the state of the evidence is such that a jury of reasonable men could not reach a contrary result. Prior to the adoption of the comparative negligence rule by the Florida Supreme Court in Hoffman v. Jones, Sup.Ct. Fla. 1973, 280 So.2d 431, numerous cases had held that the question of contributory negligence was ordinarily a matter for a jury's determination. (E.g. Seibels, Bruce and Company v. Giddings, Fla.App.3rd 1972, 264 So.2d 103). Because of the very nature of the comparative negligence doctrine, situations in which directed verdicts will be appropriate will occur with even less frequency, particularly in cases where the plaintiff's own negligence is in issue. We do not here express an opinion as to whether a directed verdict should ever be granted where the negligence of both parties is at issue. We do, however, believe that such cases will be extremely rare.
In the instant case, there is sufficient evidence from which the jury could have concluded that the sole proximate cause of the collision was the inattention of Mrs. Gates, or that the sole proximate cause of the collision was the failure on the part of Mr. Foster to have his vehicle under control, or that both drivers were negligent to some extent. Consequently, we remand the cause to the trial court so that the issue of liability might be submitted to a jury.
Appellants further argue that the award of damages was excessive and should be set aside. We do not find it necessary to address that issue as we are of the view that the retrial of the case will be more orderly if the issues of both liability and damages are tried together.
Reversed and remanded for further proceedings consistent herewith.
HATCHETT, JOSEPH W., and LEE, THOMAS E., Associate Judges, concur.

ON PETITION FOR REHEARING
BOYER, Chief Judge.
Upon consideration of the Petition for Rehearing timely filed herein, we recede from that portion of our foregoing opinion requiring a retrial of the issues of both liability and damages. Damages have already been determined by a jury. Although *753 generous, it was clearly within the evidence and we do not find it excessive. Upon further consideration, we are of the view that there is no good reason for subjecting the parties to the expense of a retrial on the issues already settled by the jury. Upon retrial on the issues of liability the trier of fact may, upon appropriate instructions from the court, apply the law of causation and negligence and thereby determine the defendants' proportionate liability, if any, for the plaintiffs' damages which have already been determined.
As hereby modified, we adhere to our original opinion.
LEE, THOMAS E., and HATCHETT, JOSEPH W., Associate Judges, concur.