DREW, E. HARRIS (Ret.), Associate Judge.
In its order granting plaintiffs’ motion for judgment, the trial court said:
“. . . Upon motion by plaintiffs for judgment in their favor for the total amount of damages found by the jury to have been sustained by them, notwithstanding the verdict of the jury which attributed to plaintiffs 35% of the negligence causing the accident, the court finds that said motion should be treated as a motion for judgment in accordance with plaintiffs’ motion for directed verdict, as in McCabe v.'Watson (3rd DCA 1969) 225 So.2d 346, and should be granted upon the grounds stated in the motion. The court specifically finds that there was no evidence nor permissible inference to support a finding that any act on the part of plaintiff Effie C. Colley would constitute negligence. Said motion is therefore granted. . . .”
The granting of the motion and the entry of the judgment for the full amount of the damages suffered by the plaintiffs, thereby setting aside that portion of the verdict finding that plaintiff’s negligence contributed substantially to her injuries, was clearly erroneous under our recent decision in Petroleum Carrier Corporation v. Gates, 330 So.2d 751 (Fla. 1st DCA 1976), where we said with reference to the comparative negligence rule adopted by the Supreme Court in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973):
“. . . [Situations in which directed verdicts will be appropriate will occur with even less frequency, particularly in cases where the plaintiff’s own negligence is in issue. We do not here express an opinion as to whether a directed verdict should ever be granted where the negligence of both parties is at issue. We do, however, believe that such cases will be extremely rare.”
No useful purpose would be served by an extended narration of the evidence. Suffice it is to say that there were, as usual in these cases, conflicts, interpretations of lawful inferences from the evidence presented, the question of the credibility of *668 the various witnesses, and, except for plaintiff’s version of the facts surrounding the accident, no evidence as to exactly what did cause the plaintiff to fall and suffer the injuries she received. These were questions for the jury. We find, contrary to the conclusion of the trial judge, that there was evidence to support those findings. This is not the “extremely rare” case referred to in Petroleum Carrier, supra, where the granting of the motion for judgment notwithstanding the verdict and the entry of the final judgment were proper.
Reversed with directions to enter a final judgment in accordance with the jury’s verdict.
McCORD, C. J., and BOYER, J., concur.