556 So.2d 754 (1990)
CONTINENTAL BAKING COMPANY, INC., a Delaware Corporation, and Buster R. Terry, Appellants,
v.
Elizabeth C. SLACK, Appellee.
No. 88-03307.
District Court of Appeal of Florida, Second District.
January 5, 1990.
Rehearing Denied February 15, 1990.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, and J. Gary McMakin of J. Gary McMakin, P.A., Tampa, for appellee.
FRANK, Judge.
The defendants in this tort action, Continental Baking Company and Buster Terry, the driver of a truck owned by Continental, have appealed from an order granting plaintiff Elizabeth Slack's motion for new trial after the jury entered a verdict in favor of the defendants. We reverse.
The incident leading to the injuries suffered by Ms. Slack occurred outside of Continental's premises in Tampa at a time *755 when the Bakers Union was engaged in a strike. There was conflicting evidence concerning the critical events, but it does appear that the jury could have concluded that Ms. Slack and a companion were yelling and following a Continental truck driven by Terry, a managerial employee, and beating on the side of the truck as it negotiated a difficult right turn within a narrow space. The rearward vision of a driver negotiating such a turn is impaired by the relationship during the turn of the sideview mirror to the trailer. At any rate, as the vehicle turned, unbeknownst to Terry, Ms. Slack was pinned between the rear of the trailer and her parked car. She suffered serious injuries.
The record indicates that Ms. Slack's car was illegally parked; it was facing in the wrong direction on the wrong side of the street, an offense for which she was issued a traffic citation. Her attorney sought prior to trial to have that potentially prejudicial fact excluded from the jury's consideration:
Your Honor, in regard to my Motion in Limine number one I asked the Court to prohibit the Defense from soliciting any comments from witnesses or investigative officers in regard to any illegally parked vehicle, or to any tickets or charges that were made at the time of this accident. I have no objection to witnesses testifying to observable facts, but to soliciting any testimony in regard to that.
Continental's attorney agreed with the motion and it was granted.
At trial, however, Ms. Slack's attorney elicited testimony from investigating officer Yarritch describing his stop of Terry's truck. The officer, who was the first to talk to Terry after the accident, stated that Terry initially failed to tell him that he had been at the accident scene. When the officer examined the truck, however, he saw human tissue, leading him to suspect that Terry's truck had indeed been involved in the incident. Ms. Slack's attorney then asked, "Did you approach him again and ask him any other questions?" The officer responded:
At that point after locating the tissue matter and the blood on the side of the vehicle, I advised Mr. Terry of his Miranda warnings, and I don't recall at that point if he was handcuffed or placed in the police car or not, or what the sequence was exactly. But once again did give him an opportunity to explain where he had been and he still stuck to his story.
Continental contends on appeal that Officer Yarritch's testimony left the impression that Terry had been charged with hit and run, a matter that its attorney clarified on cross examination by eliciting from the officer, over plaintiff's objection, whether anybody in the police department had filed charges against Terry, to which the officer replied, "Not that I'm aware of." This exchange is crucial because it embodies the sole basis for the judge's decision to grant a new trial. In pertinent part, the judge's order states:
1. That the Court erred in permitting, over objection by counsel for the Plaintiff and in violation of the Court's prior Order granting Plaintiff's Motion in Limine to prohibit solicitation or eliciting in evidence, the testimony of investigating officers that no charges or citations were made against the Defendant driver, Buster R. Terry, for a violation of any traffic ordinance as a result of their investigation of the accident; said questions and responses were improper and of such prejudicial character that the jury was unduly swayed to the extent that the jury acted through prejudice, bias or mistake which was reflected in the jury's arbitrary and capricious verdict resulting in a miscarriage of justice and that the Plaintiff's right to a fair and impartial trial was violated... .
We are convinced that the judge's decision was erroneous for several reasons. First, in objecting to Officer Yarritch's testimony, Ms. Slack's attorney did not refer to the motion in limine. Rather, his objection was that the question assumed facts not in evidence, and he added further, "[a]nd I'm not sure he can ask Officer Yarritch whether or not he leveled any *756 charges against him." The unmistakable ground for this objection was that Officer Yarritch should not have been allowed to answer questions about which he had no knowledge, and not that through his testimony evidence violating the in limine order would be admitted. Further support for this conclusion is found in the fact that Ms. Slack's attorney voiced no objection when Terry was shortly thereafter asked whether he had been charged with hit and run or been issued any citations as a result of the accident. He responded that he had not been charged.
Secondly, even if Ms. Slack's attorney's objection could be construed to mean that Continental's questioning went beyond the bounds of the in limine order, it is not manifest that the information actually did so. It is obvious that in seeking the in limine order Ms. Slack's purpose was to foreclose disclosure that she had been ticketed for illegally parking her car, a fact from which the jurors might conclude that she was either wholly or in some lesser degree negligent. The only person who was ticketed was Ms. Slack. That fact, however, was not exposed consistent with the in limine order. Furthermore, that Terry was not charged does not fall within the scope of "testimony in regard to any tickets or charges against any party involved in this accident." Ms. Slack's motion seeking the in limine order did not extend to charges that might have been but were not issued.
Finally, even if we were to conclude that Terry's testimony violated the order in limine and that an objection had been properly lodged, we cannot overlook the fact that it was Ms. Slack who opened the door for this information to emerge. The officer's direct testimony painted an almost indelible portrait of Terry sitting handcuffed in the back of a squad car, from which the jury could not help but conclude that Terry had been arrested for some offense in connection with the accident, an unwarranted prejudicial image that Continental was absolutely entitled to eradicate on cross examination.
Ms. Slack has contended before us that revelation of the results of a police investigation in accident cases is fundamentally wrong and is so highly prejudicial to the jury's untrammeled deliberations that it can be a basis for reversal even absent an appropriate objection. The cases Ms. Slack relies upon, however, are factually distinguishable. In one, Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA 1974), the defendant's counsel, during closing argument, made the following highly prejudicial statement:
... also, if my lady had been charged with a driving violation you better believe you would have heard about it in this courtroom, you haven't heard anything about it, she wasn't charged.
The court concluded that "under the facts of this particular case the harmful effect of counsel's improper argument was most likely not cured or removed by the court's instruction to the jury to disregard such argument," 294 So.2d at 700 (emphasis in original). The facts alluded to in Albertson included evidence of the defendant's negligence and little evidence of the plaintiff's contributory negligence, together with the deliberate and calculated manner in which the defense attorney brought the prejudicial information to the jurors' attention. Similarly, in Walton v. Robert E. Haas Construction Corp., 259 So.2d 731, 734 (Fla. 3d DCA 1972), one of the defense attorneys stated to a police officer on cross examination, "After you finished your investigation ... you charged Bobby Knouse [a plaintiff] for traveling at excessive speed." Again, the appellate court was impressed with the deliberate introduction of the prejudicial information by an attorney. Furthermore, in those cases, as in Moseley v. Ewing, 79 So.2d 776 (Fla. 1955), and in Eggers v. Philips Hardware Co., 88 So.2d 507 (Fla. 1956), the evidence whether or not charges were filed against a party bore a direct relation to the issue of negligence in the case. In this case, whether or not Terry was charged with hit and run  which focuses upon a driver's post-collision behavior  would have minimal bearing upon the ultimate question of whether he was negligent or had caused the accident. *757 Rather, the jury, not knowing that he had not been charged, could conclude that Terry was a bad actor, and failure to erase that conclusion from their minds would have caused significant damage to his credibility.
We are mindful that a judge's decision to grant a new trial comes within his sound discretion, Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), but that discretion is not unlimited. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA 1988). The judge must identify the reasons for the decision and the jury error, see Wasden v. Seaboard Coastline Railroad Co., 474 So.2d 825, 829-30 (Fla. 2d DCA 1985), and the granting of a new trial on the mere suspicion of jury prejudice is insufficient as a matter of law. See Crown Cork & Seal Co. v. Vroom, 480 So.2d 108 (Fla.2d DCA 1985). In this case the trial judge's order recites in a most conclusory manner that the "questions and responses were improper and of such prejudicial character that the jury was unduly swayed to the extent that the jury acted through prejudice, bias or mistake which was reflected in the jury's arbitrary and capricious verdict resulting in a miscarriage of justice." Because the order lacks the requisite specificity, we can only conclude that the judge granted a new trial because he disagreed with the verdict. Our independent review of the record fails to disclose a juridically cognizable basis for granting a new trial. See Hawk v. Seaboard System Railroad, Inc., 547 So.2d 669 (Fla. 2d DCA 1989).
In accordance with the foregoing, the court's order granting a new trial is reversed and this matter is remanded for reinstatement of the jury's verdict.
DANAHY, Acting C.J., and THREADGILL, J., concur.