563 So.2d 183 (1990)
Tracy SIMMONDS, Appellant,
v.
Della Mae LOWERY and Katrina Laverne Wiley, Appellees.
No. 88-3395.
District Court of Appeal of Florida, Fourth District.
June 20, 1990.
Rehearing Denied July 25, 1990.
Joseph Thillman of Slinkman, Thillman & Beamer, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Louis B. Vocelle, Jr., of Polackwich, Lauer & Vocelle, Vero Beach, for appellees.
WARNER, Judge.
This is an appeal from an order granting the defendant's motion for new trial in a personal injury action. The trial court granted a new trial based upon a determination that plaintiff made an impermissible "golden rule" argument and that the award was so excessive as to shock the judicial conscience. We reverse.
During opening statement appellant's counsel asked the jury as they listened to the case "to think about what you would pay someone for one day of what you will hear she has to go through and for the rest of her life." The attorney said this as he was explaining that the jury must assess damages. Defendant/appellee *184 made no objection to this statement. During closing argument the plaintiff's attorney reminded the jury that he had asked them to consider what they would pay for one day of the plaintiff's situation. At that point, defense counsel objected and requested a mistrial. The court denied the mistrial but instructed plaintiff's counsel not to continue with those comments. After rendition of a favorable plaintiff's verdict, defense counsel moved for a new trial contending that the foregoing statements were impermissible golden rule arguments. While the trial court concluded that the statements were improper argument, we hold that they are not.
"A golden rule argument suggests to jurors that they put themselves in the shoes of one of the parties, and is impermissible because it encourages the jurors to decide the case on the basis of personal interest and bias rather than on the evidence." Cummins Alabama, Inc. v. Allbritten, 548 So.2d 258, 263 (Fla. 1st DCA 1989). "To be impermissible, the argument must strike at that sensitive area of financial responsibility and hypothetically request the jury to consider how much they would wish to receive in a similar situation." Shaffer v. Ward, 510 So.2d 602, 603 (Fla. 5th DCA 1987).
Rather than asking the jury what they might wish to receive as compensation themselves, appellant's argument asked the jury to do just what they must do  to determine how much to award or pay the plaintiff for her injuries. Appellant's argument merely asked them to consider this on a per diem basis, which is permissible and has long-standing use in personal injury trials. Rattner v. Arrington, 111 So.2d 82 (Fla. 3d DCA 1959); Perdue v. Watson, 144 So.2d 840 (Fla. 2d DCA 1962). The trial court thus erred in granting a new trial on this basis.
The second ground upon which the trial court granted a new trial was that the verdict of $260,000 shocked the conscience of the court.
In Bould v. Touchette, 349 So.2d 1181 (Fla. 1977), the court discussed the principles to be applied by a court when considering the excessiveness of damages.
In determining whether a verdict is excessive, vague expressions by the courts about "conscience-shocking amounts" do not furnish the enlightenment that the public should expect from judges about how they arrive at their decisions.... In tort cases damages are to be measured by the jury's discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have awarded. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
Id. at 1184-85. The court should not substitute its judgment for that of the jury where there is ample substantial evidence to support a verdict. Bould at 1184. Simply because a damage award is large does not alone render it excessive, nor does it indicate that the jury was motivated by improper considerations. Where the record supports the award, a court's conclusion that the amount is indicative of prejudice or passion, or shocking to its judicial conscience constitutes an abuse of discretion. Hawk v. Seaboard System R.R., 547 So.2d 669, 672 (Fla. 2d DCA 1989); Continental Baking Co. v. Slack, 556 So.2d 754 (Fla. 2d DCA 1990). Furthermore, an order granting a new trial must recite reasons to support its conclusion of excessiveness so that the order will be susceptible of appellate review. Wackenhut v. Canty, 359 So.2d 430, 435 (Fla. 1978).
Even though we have found the trial court's only stated reason for granting the new trial to be legally erroneous, we nevertheless have made an independent review of the record to determine whether there is support for the verdict, as was done in Wackenhut. We have no trouble in finding that the trial court abused its discretion in this case. Liability was admitted in the accident. While it may have had the appearance of being only a fender bender, the evidence was undisputed that the plaintiff, a 22 year old woman, suffered *185 a neck injury in the collision. As a result of her injury she lost both her day job at a stock brokerage firm and her night job as waitress. She was in and out of hospitals for conservative therapy and ultimately underwent two operations for a cervical spinal fusion. Because of her constant pain and limitations, she could not hold down a job prior to her operations. Her doctor assessed a 15% whole body impairment rating and limited her activities, including restricting her from high stress occupations, driving for extended periods, bending, twisting or turning. The appellee's medical expert concurred in these findings. She continues to have headaches, muscle spasms and pain, and she will need future treatment and medication. Her life expectancy at trial was 60.62 years, her past medical expenses were $31,000, and her past lost wages were $19,000. During his closing argument defense counsel suggested a verdict of $75,000 to $100,000 would be appropriate, and the plaintiff suggested $860,000. The jury awarded the appellant $260,000. Based on the foregoing we cannot say that the record was devoid of substantial evidence to support the verdict.
From the closing arguments we gather that there was considerable emphasis placed on the credibility of various medical witnesses. However, the question of credibility is exclusively a factor to be weighed by the jury. It is not the judge's province to substitute his judgment for that of the jury on disputed issues of fact and have the veto power of a seventh juror. See Wackenhut.
We thus reverse the order granting new trial with directions to reinstate the verdict and enter judgment thereon.
Reversed and remanded.
HERSEY, C.J., and DOWNEY, J., concur.