PER CURIAM.
Plaintiff, Dorrett Angela Atkins, appeals an order granting defendants’ motion for a new trial. For the following reasons, we reverse.
While plaintiffs interrogatory answers and trial testimony may have been sufficiently confused, equivocal, or contradictory to place her credibility in question, this issue was for the jury. See Dunne v. Somoano, 550 So.2d 5, 7 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 631 (Fla.1990). Plaintiff never waived her right to a jury determination of future damages for lost earning ability, and there was substantial evidence from which the jury could rationally have determined liability for future damages and the specific amount they awarded. The new trial order does not provide reasons “to support the notion that the verdict was against the manifest weight of the evidence or that the jury was influenced by matters outside the record,” Ashcroft v. Colder Race Course, 492 So.2d 1309, 1313 (Fla.1986), but is, rather, conclusory and belied by the evidence. The trial court thus abused its discretion in setting aside the award and ordering a new trial, warranting reversal. See Silvia v. Zayre Corp., 233 So.2d 856 (Fla. 3d DCA) (recognizing the stronger showing of abuse of discretion required to overturn an order granting a new trial than an order denying a new trial), cert, denied, 238 So.2d 112 (Fla.1970). The order granting a new trial is quashed and the trial court is instructed to enter judgment for plaintiff in the full amount of the jury award.
Reversed and remanded.