667 So.2d 848 (1996)
FLORIDA SUPERMARKETS, INC., Appellant,
v.
Maureen WHITE, Appellee.
No. 93-1796.
District Court of Appeal of Florida, Third District.
January 10, 1996.
Rehearing Voluntarily Dismissed March 4, 1996.
*849 Richard A. Sherman and Rosemary B. Wilder; Entin, Schwartz & Margules, Fort Lauderdale, and Stephen A. LeClair, Hollywood, and Sergio Medina, Miami, for appellant.
Carl Borgan; Cooper & Wolfe and Sharon L. Wolfe, Miami, and Christine M. Ng, Coral Gables, for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
Florida Supermarkets, Inc. appeals an adverse final judgment in a personal injury action. We affirm.
As to the first point on appeal, we conclude that the trial court properly denied defendant-appellant's motion for directed verdict. Plaintiff-appellee Maureen White adduced sufficient evidence to create a jury question regarding the supermarket's responsibility for the presence of water on the supermarket floor, in which the plaintiff slipped and fell.
As to the second point on appeal, defendant contends that plaintiff made improper closing arguments which, although unobjected to, should be entertained by this court as fundamental error under Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986). We decline to do so, for in our view, the arguments involved in this case do not resemble those outlined in Borden, Inc. v. Young. Upon reading the arguments as a whole, most, if not all, appear to have been within the bounds of permissible advocacy. Assuming, without deciding, that one or more of plaintiff's arguments may have been objectionable, there was in fact no objection and the arguments were not of the severity involved in Borden.
Defendant also urges that the plaintiff made an impermissible "Golden Rule" argument. We disagree. See Simmonds v. Lowery, 563 So.2d 183, 183-84 (Fla. 4th DCA 1990); Bew v. Williams, 373 So.2d 446, 447-48 (Fla. 2d DCA 1979); see also Ratner v. Arrington, 111 So.2d 82, 88-89 (Fla. 3d DCA 1959).
In the third point on appeal, defendant argues that the verdict in this case is excessive. We reject this argument as well. The plaintiff is a physical therapist assistant who, prior to this accident, had no history of back trouble. Reading the record in the light most favorable to the plaintiff as prevailing party, the evidence showed that as a result of the fall in the supermarket, the plaintiff sustained an injury to her lower back which causes her pain in the course of her work, and requires regular therapy. The condition is permanent. The jury was instructed that if they found a permanent injury to exist, it could award damages over the plaintiff's life expectancy, which is fifty-one years. In light of the applicable principles, see Bould v. Touchette, 349 So.2d 1181, 1184-85 (Fla.1977), we conclude that no reversible error has been shown.[*]
Affirmed.
NOTES
[*] We disagree with the defendant's claim that the jury verdict total exceeded the total requested by the plaintiff. The plaintiff suggested a range of damages for several of the damage items. The award is within the range requested, although the jury granted a higher-than-requested amount for pain and suffering, and a lower-than-requested amount for medical care and treatment and lost earnings.