GERSTEN, Judge.
Appellant, Allstate Insurance Company (“insurer”), appeals an order granting a new trial because a witness’s comments violated a motion in limine. We reverse finding that the error was invited and ample evidence existed to support the jury verdict.
Appellee, Cynthia Torrence Hinchey (“Hinchey”), sued the insurer seeking damages under an uninsured motorist insurance policy. The complaint alleged that an unknown driver negligently forced Hinchey to run off the road and hit a tree. The insurer denied that an unknown driver caused the accident and raised the affirmative defense that Hinche/s alcohol impairment caused the accident.
On the evening of the accident, Hinchey attended a birthday party for her fiiend Miki Miller. Miller testified that Hinchey had one glass of wine with supper, and then drank a ram and coke around 12:00 a.m. Hinchey was the designated driver, and drove Miller home around 3:00 a.m. Hinchey then drove down Old Cutler Road toward her home.
According to Hinchey, she was driving 45 m.p.h. in a 40 m.p.h. speed zone when she saw a pickup truck in front of her with the tailgate down. At some point, she saw a rock come off the track, and swerved into the other lane to avoid being hit. The rock hit her front tire, her hands came off the steering wheel, and the car hit a tree. Hinchey was found leaning over the steering wheel of the car by passerby-witness Scully.[1] Scully stated that there were large rocks in the roadway. Further, Scully did not smell and did not see anything to suggest Hinchey was intoxicated.
At the hospital, Hinchey’s blood alcohol level was measured at 0.07, at approximately 4:30 a.m. Based on a statement by Hin-chey’s parents, a notation was placed in the hospital records stating: “[Hinchey] had 4 mixed drinks @ a party yesterday, before the MVA.”
Prior to trial, the parties agreed to a motion in limine excluding the hospital records *1265 indicating Hinchey had consumed four alcoholic drinks on the night of the accident. The jury heard about the drinks when Hin-ehey’s counsel cross-examined the insurer’s witness, Dr. Rose, regarding the hospital records. Hinchey’s counsel asked: “Nowhere in any of their records is there any suggestion that [plaintiff] was intoxicated, is there sir? What about in all the other records that you’ve looked at?” Dr. Rose responded: “There was just one reference about her having four drinks.” Hinehey’s counsel neither moved for a mistrial nor moved to strike the testimony or for a curative instruction.
At the conclusion of. the trial, the jury returned a verdict in favor of the insurer. The jury verdict answered “No” to the question: “Was there negligence on the part of the phantom driver, which was a legal cause of the accident?” After final judgment was entered in favor of the insurer, Hinchey filed a motion for new trial. The court granted the motion finding that the sentence of testimony regarding the four drinks “was so pervasive that I am convinced the jury acted on matters outside the record.”
A trial court’s decision to grant a new trial will not be disturbed on appeal unless there is a showing of an abuse of discretion. See Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Roach v. CSX Transp., Inc., 598 So.2d 246 (Fla. 1st DCA 1992). A trial court abuses its discretion by granting a new trial based on the violation of an order in limine, when the violation is invited and there is no objection or motion to strike the testimony. See Continental Baking Co. v. Slack, 556 So.2d 754 (Fla. 2d DCA), review denied, 567 So.2d 435 (Fla.1990); Cummins Alabama, Inc. v. Allbritten, 548 So.2d 258 (Fla. 1st DCA), review denied, 553 So.2d 1164 (Fla.1989); Miami Int’l Hatcheries, Inc. v. General Mills, Inc., 168 So.2d 83 (Fla. 3d DCA 1964).
For example, in Miami Int’l Hatcheries, Inc. v. General Mills, Inc., 168 So.2d at 84, this Court reversed an order granting a new trial because the “appellee did not timely or properly preserve as a ground for new trial the question of the admissibility of the questioned testimony and by its actions in developing and expanding on cross-examination the objectionable matter, waived the right to further urge such error.” Similarly, in Continental Baking Co. v. Slack, 556 So.2d at 756, the appellate court reversed an order granting a new trial based on violation of an order in limine because the movant “opened the door for this information to emerge” and had not objected to the testimony.
Similar circumstances occurred here. Hinchey’s counsel elicited the response pertaining to the hospital records that Hinchey knew contained the statement about the four alcoholic drinks. Clearly, Hinchey opened the door for this information to emerge and by failing to object or move to have the testimony stricken, has waived the right to successfully complain about the error she created. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995); Poller v. First Virginia Mortg. and Real Estate Inv. Trust, 471 So.2d 104 (Fla. 3d DCA), review denied, 479 So.2d 118 (Fla.1985).
Moreover, not only did Hinchey invite the testimony and fail to object to its admission, Hinchey also rejected the court’s offer to provide a curative instruction. The trial court offered to advise the jury to disregard the statement. However, Hinchey’s counsel merely responded that he would continue the cross-examination. It appears Hinchey’s counsel was gambling that the jury would return a favorable verdict. “[H]aving gambled and lost when the jury returned an adverse verdict, [plaintiff] cannot now be heard to ask belatedly for a new trial based on the erroneous admission of the above evidence.” Saxon v. Chacon, 539 So.2d 11 (Fla. 3d DCA 1989).
Finally, it is an abuse of discretion to order a new trial where ample evidence exists supporting a jury’s verdict. See Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477 (Fla. 3d DCA 1988), review denied, 563 So.2d 635 (Fla.1990); Cirou v. Busler, 432 So.2d 628 (Fla. 3d DCA 1983). The record reveals that a reasonable jury could have returned a verdict for the insurer based on the contradictory evidence placing Hinchey’s credibility in doubt. A trial court may not invade the province of the jury by reweighing the credi *1266 bility of witnesses because the jury determines when “the truth is out there.”
Ample evidence existed to support the jury’s verdict and thus the order below must be reversed. See Atkins v. Hansel, 668 So.2d 663 (Fla. 3d DCA 1996); Miller v. Affleck, M.D., 332 So.2d 79 (Fla. 1st DCA 1993); Tuttle v. Miami Dolphins, Ltd., 551 So.2d at 482.
Reversed.

. Not related to Agent Scully of "The X-Files.”