PER CURIAM.
Jose Ramon Sanchez and Enterprise Leasing Company appeal a judgment after jury trial in favor of the plaintiffs in an automobile accident case. We affirm.
First, we conclude that the evidence was sufficient to support the jury award for loss of future earning capacity. See Allstate Insurance Co. v. Shilling, 374 So.2d 611, 612-13 (Fla. 4th DCA 1979); Atlantic Coast Line Railroad Co. v. Ganey, 125 So.2d 576, 579 (Fla. 3d DCA 1961). Plaintiff Joanne Renwick sustained back injuries resulting in an eight percent permanent injury. Although she had returned to work, she continued to have back pain and was vulnerable to further accidental re-injury. The treating physician testified that, more probably than not, plaintiff would need back surgery in the future. In the meantime, plaintiff had sporadic work absence on account of the back problem, and had to be cautious in her physical activities. This was an ample basis on which the jury could conclude that there would be some diminution in the plaintiffs future earning capacity. The $15,000 award, for a plaintiff with 41.5 years of future life expectancy, was reasonable.
Second, defendants-appellants complain of certain closing arguments made by plaintiffs’ counsel. The trial judge quite properly intervened on his own with respect to the more significant of these comments. Defendants now complain about the unobjected-to comments. We conclude that these were not of a magnitude which rise to the level necessary to constitute fundamental error. See Florida Supermarkets, Inc. v. White, 667 So.2d 848, 849 (Fla. 3d DCA 1996). We concur with the trial court that a new trial is not called for.
Third, assuming arguendo that defendant Enterprise should have been placed on a different portion of the jury verdict *596 form, we are unable to see how Enterprise was harmed.
Affirmed.