932 So.2d 640 (2006)
Gary PEARCE, Appellant,
v.
Jeanette DESCHESNE, Appellee.
No. 4D05-2983.
District Court of Appeal of Florida, Fourth District.
July 12, 2006.
*641 Robert Garven, Coral Springs, and Charles Mancuso of Thomas & Pearl, Fort Lauderdale, for appellant.
Nancy W. Gregoire and Matthew D. Klein of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellee.
FARMER, J.
While consuming a half-dozen alcoholic drinksone of which was "filled all the way up to the top" with vodkaprepared and given to him by defendantplaintiff was also engaged in trimming her trees, a job he was hired and paid to do by defendant. The job encompassed some high branches, accessible only by climbing the tree and reaching them with a chain saw. Three hours into the job, he was admittedly intoxicated if not "drunk"as he understands the terminology. Attempting to cut one such branch, he fell to the ground and suffered serious injuries. When he sued her in negligence, she defended by claiming that his negligence caused or contributed to his injuries. After he gave deposition testimony admitting intoxication (but not drunkenness), she moved for summary judgment on liability. The trial judge agreed with her, rejecting plaintiff's argument that with comparative negligence, only the jury could apportion the relative fault. We reverse.
Section 768.36(2), Florida Statutes (2003), reads as follows:
In any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured:
(a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and
(b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm. [e.s.]
Defendant argued that this statute entitles her to a summary judgment on liability because plaintiff's intoxication was the sole cause of his injuries.
The statute plainly says, however, that it is the finder of fact who must determine whether plaintiff was more than 50 percent at fault for his injuries. A judge considering a motion for summary judgment is most decidedly not a "trier of fact." Indeed, in this circumstance the judge is confined to searching the record for conflicting evidence to be submitted to a jury, and only in the absence of such evidence may the judge make a ruling of law that summary judgment is proper. See Richmond v. Florida Power & Light Co., 58 So.2d 687, 688 (Fla.1952) (trial judge's authority on motion for summary judgment is to decide legal question, not resolve disputes of material facts); Cummins v. Allstate Indemnity Co., 732 So.2d *642 380, 382-83 (Fla. 4th DCA 1999) ("Summary judgment may not be used as a substitute for trial. If the affidavits and other evidence raise any doubt as to any issue of material fact then a summary judgment may not be entered."); Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995) (when defendant moves for summary judgment, neither trial court nor appellate court determines whether plaintiff can prove cause of action alleged; function of court is solely to determine whether as matter of law record presented in support of summary judgment conclusively shows that plaintiff cannot prove claim alleged).
When apportionment of fault between the plaintiff and a defendant under comparative negligence is a contested issue, it is the trier of fact that must do the apportioning, not the judge deciding a legal issue. As one court explained:
"Because of the very nature of the comparative negligence doctrine, situations in which directed verdicts will be appropriate will occur with even less frequency, particularly in cases where the plaintiff's own negligence is in issue. We do not here express an opinion as to whether a directed verdict should ever be granted where the negligence of both parties is at issue. We do, however, believe that such cases will be extremely rare."
Petroleum Carrier Corp. v. Gates, 330 So.2d 751, 752 (Fla. 1st DCA 1976); see also Howell v. Winkle, 866 So.2d 192, 195 (Fla. 1st DCA 2004) (when "there is evidence supporting an inference of comparative fault on the part of the plaintiff, issue of comparative negligence should be submitted to jury"). As Gates indicates, only in the rare case when there is simply no factual dispute as to apportionment of negligence, does the trial judge have the authority to make a ruling on the issue as a matter of law.
We stress that section 768.36(2) does not purport to make trial judges the sole authority for apportioning comparative fault. By its clear terms, it directs trial judges to apply the trier of fact's apportionment of fault. This is true where, as here, the deposition testimony of plaintiff as to precisely how much he was at fault is not clearly to the effect that his intoxication was the sole cause of his injuries.
Reversed.
STONE and MAY, JJ., concur.