# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0082
Lower Tribunal No. 2018-002979-CA-01
_____

**City of Miami,**
Appellant,

vs.

**Vilma Marcos,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

George K. Wysong III, City Attorney, and Eric J. Eves, Assistant City Attorney Supervisor, for appellant.

Florida Advocates and Carlos D. Cabrera (Dania Beach), for appellee.

Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

The City of Miami (the "City") appeals a final judgment of default on liability following a Kozel[1] hearing. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the reasons that follow, we reverse the judgment for a new trial solely on liability.

On appeal, the City argues the trial court abused its discretion in striking its pleadings and entering a default. The City contends the proper remedy is a new trial on liability, including the issue of apportionment of fault, as a new trial on the issue of damages is unnecessary.

Based on the entirety of the record before us, we find the trial court abused its discretion in striking the City's pleadings and entering a default. See Carbonell v. Glade, 394 So. 3d 679, 681 (Fla. 3d DCA 2024) ("We review the orders striking pleadings and entering default judgment . . . under an abuse of discretion standard."); Prater v. Comprehensive Health Ctr., LLC, 185 So. 3d 559, 560 (Fla. 3d DCA 2016) ("[T]here was not competent substantial evidence to support the trial court's conclusions that each of the Kozel factors had been met, including the absence of record support for a finding that the actions of [Plaintiff's] counsel were willful, deliberate or contumacious, and a finding that [Plaintiff's] counsel had been previously sanctioned. More significantly, the trial court's imposition of the ultimate

---

[1] Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

2

sanction—the striking of [Plaintiff's] pleadings and entry of final judgment in favor of Defendants—was not commensurate with the violation at issue . . . The court's action was an abuse of discretion. We therefore reverse and remand for proceedings consistent with this opinion."); Bernuth Marine Shipping, Inc. v. Integrated Container Serv., Inc., 369 So. 2d 424, 425 (Fla. 3d DCA 1979) ("There is no question about the trial court's authority to impose some sanction against appellant's counsel for failing to . . . appear at calendar call. However, under the facts of this case, in our opinion, it was too harsh a sanction to strike appellant's pleadings . . . . Accordingly, the final judgment appealed is reversed and the cause is remanded to the trial court with directions to reinstate appellant's pleadings and allow the matter to proceed to trial.").

We therefore reverse and remand to the trial court with directions to reinstate the City's pleadings and allow the matter to proceed to a new trial on liability only. We agree with the City that the new trial shall be confined to the issue of liability as the reversal in this case does not affect the determination of damages.[2]

---

[2] Depending upon the outcome of the new trial, the damages award may be adjusted accordingly. See Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470, 475 (Fla. 3d DCA 2015) ("When remanding a cause, an appellate court should preserve as much of the work of the trial court and jury as possible. This approach serves the interest of judicial economy and shields the parties

3

Reversed and remanded with instructions.

---

from the expense and delay of redundant litigation."); <u>Am. Aerial Lift, Inc. v. Perez</u>, 629 So. 2d 169, 172 (Fla. 3d DCA 1993) ("Since a new trial is required on grounds unrelated to the damages issue, the new trial shall be confined to issues of the liability of the defendant and of the other entities . . . ."); <u>Purvis v. Inter-County Tel. & Tel. Co.</u>, 173 So. 2d 679, 681 (Fla. 1965) ("A new trial may be granted to all or any of the parties and on all or a part of the issues . . . the majority rule is that a new trial may be limited to the question of liability when it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party . . . The decision and judgment of the District Court of Appeal is quashed insofar as it remanded the cause for a new trial upon the issue of damages, but is otherwise undisturbed. However, upon the new trial should the jury find in favor of the defendant-respondent upon the issue of liability, and no disturbance of such finding thereafter occurs, the existing verdict and judgment in favor of the plaintiff awarding $125,000.00 damages shall be null and void."); <u>Pearce v. Deschesne</u>, 932 So. 2d 640, 642 (Fla. 4th DCA 2006) ("When apportionment of fault between the plaintiff and a defendant under comparative negligence is a contested issue, it is the trier of fact that must do the apportioning, not the judge deciding a legal issue.").